IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT HIGHT, an Individual,<br><br>    Plaintiff,<br><br>v.<br><br>THE UNIVERSITY OF CHICAGO, an Illinois Not for Profit Corporation,<br><br>    Defendant. | Case No.: 2024 CV 02525<br>Judge Jenkins<br><br>JURY TRIAL DEMANDED |

## JOINT STATUS REPORT

NOW COME the Parties, through their respective counsel, pursuant to the Court's order of April 2, 2024, and submit this joint status report:

**I.**     **Nature of the Case.**

    A.     Plaintiff's attorney:
            Joseph Selbka, lead and trial attorney
            2300 Barrington Road, #220
            Hoffman Estates, IL 60169
            847-310-0025
            jselbka@pmllegal.com

            Defendant's attorneys:
            Scott Warner, lead attorney
            Mary Deweese, attorney
            Husch Blackwell LLP
            120 South Riverside Plaza, Suite 2200
            Chicago IL 60606
            312-526-1633
            scott.warner@huschblackwell.com
            mary.deweese@huschblackwell.com

    B.     The Plaintiff alleges that he was dismissed as a medical student from the Defendant's Doctor of Medicine (MD) Program based upon disability

        discrimination in violation of the ADA, ADAAA, and Section 504. Plaintiff further alleges a breach of tuition contract associated with his dismissal.

    C.    The Plaintiff alleges that the Plaintiff could have completed the MD Program with appropriate accommodations and that Defendant discriminated against Plaintiff in violation of the federal disability discrimination laws. Defendant denies any discrimination based on disability or any failure to accommodate, and denies that the University breached any contract it may have with Plaintiff. The University's position is that Plaintiff was dismissed from the MD Program due to his repeated failure to meet the University's academic and professionalism standards.

    D.    Plaintiff seeks damages and a preliminary injunction and reinstatement to the program as well as attorneys' fees. The Defendant has waived service and the parties have appeared. The Parties do not anticipate any additional parties being added to the suit.

## II. Jurisdiction

    A.  The Court has jurisdiction over Count I of the Complaint, which alleges a cause of action under the Americans with Disabilities Act and the Americans with Disabilities Amendments Act ("ADA and ADAAA"). 42 U.S.C.A. Sec. 12101 *et seq.*, pursuant to 28 U.S.C. § 1331. The Court has jurisdiction over Count II of the Complaint which is brought under Section 504 of the Rehabilitation act of 1973 ("Section 504"). 29 U.S.C.A. 794, pursuant to 28 U.S.C. § 1331. The Court has jurisdiction over Count III of the Complaint, which alleges a cause of action for breach of contract, and which is part of the same case or controversy alleged in Count I, pursuant to 28 U.S.C. § 1367.

  B. There is no independent diversity jurisdiction at this time as both Parties are domiciled in Illinois.

**III.** **Status of Service:** The Defendant has waived service and the Parties have appeared. The Parties do not anticipate any additional parties being added to the suit.

**IV.** **Magistrate Consent:** The Parties have not consented at this time to proceed before a magistrate judge.

**V.** **Motions**: Defendant has filed a motion to dismiss the Complaint., which Plaintiff opposes. The Parties expect to file a joint motion for protective order. After some discovery, Plaintiff expects to file a motion for preliminary injunction and for reinstatement to the MD Program. Defendant will oppose any motion for injunctive relief.

**VI.** **Case Plan**

 A. (1) Plaintiff will seek written discovery from Defendant and take multiple fact depositions. Plaintiff expects to disclose an expert. Defendant intends to seek written discovery and take the deposition of Plaintiff and, potentially, other fact witnesses. If Plaintiff discloses an expert witness, Defendant will take the expert witness's deposition, and reserves the right to disclose a rebuttal expert.

 (2) The parties will exchange Rule 26 disclosures by July 22, 2024;

 (3) The parties will exchange initial written discovery by July 22, 2024.

 (4) The parties will complete fact discovery by February 14, 2025.

 (5) The parties will complete expert discovery by April 15, 2025;

 (6) Dispositive motions will be filed by April 30, 2025.

 B. Plaintiff seeks a trial by jury. Plaintiff expects the trial will take 10 days.

**VII. Status of Settlement Discussions:** The Parties have not engaged in any settlement discussions and believe settlement discussions would be premature at this juncture.

Date: June 4, 2024

Respectfully submitted,

By: */s Joseph P. Selbka*             By: */s/ Scott Warner*
    Attorney for Plaintiff                     Attorney for Defendant

Joseph Selbka                                Scott Warner
MacDonald, Lee, & Senechalle Ltd.     Husch Blackwell
2300 Barrington Road, Suite 220        120 South Riverside Plaza, Suite 2200,
Hoffman Estates, Illinois 60169         Chicago, Illinois 60606
847-310-0025                                  312-526-1633
jselbka@lawphm.com                scott.warner@huschblackwell.com

## CERTIFICATE OF SERVICE

      The undersigned attorney hereby certifies that he caused the foregoing document to be filed with the Clerk of the Court using the CM/ECF system, which will send electronic notification to all registered counsel of record this 4th day of June, 2024:

Joseph P. Selbka
MacDonald, Lee, & Senechalle, LTD
2300 Barrington Road, Suite 220
Hoffman Estates, Illinois 60169-2034
pleadings@pmllegal.com
(847) 310-0025

                                                         s/ Scott Warner

                                                         ***Attorney for Defendant***
                                                         ***University of Chicago***