**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT HIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 24-cv-02525 |
| | ) | |
| v. | ) | Honorable Lindsay C. Jenkins |
| | ) | |
| UNIVERSITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT STATUS REPORT ON PROGRESS OF FACT DISCOVERY**

Plaintiff Robert Hight and Defendant University of Chicago (collectively, "the Parties"), through their respective counsel, and pursuant to the Court's order of June 5, 2024, submit this Joint Status Report on the progress of fact discovery in this action.

By Order dated June 5, 2024 (Dkt. 13), the Court adopted the proposed fact discovery schedule proposed by the Parties in their initial Joint Status Report filed on June 4, 2024 (Dkt. 12). That fact discovery schedule included a February 14, 2025 fact discovery deadline that currently remains in effect. As explained below, the Parties have been making good progress on fact discovery, but propose an extension of the current fact discovery deadline given (1) the remaining work the Parties need to undertake to complete their respective document productions and take depositions of several fact witnesses and (2) the pending motions to dismiss Plaintiff's Second Amended Complaint ("SAC") and to reconsider certain aspects of the Court's ruling on Defendant's motion to dismiss Plaintiff's first Amended Complaint ("FAC") that will impact fact discovery in this matter.

At the time the Court set the February 14, 2025 fact discovery deadline, Defendant had just moved to dismiss Plaintiff's original Complaint. Since that time, Plaintiff filed his FAC on July 3,

1

2024 in lieu of responding to Defendant's motion to dismiss the original Complaint. *See* Dkt. 22. Defendant then moved to dismiss the FAC in its entirety.

By Order dated October 31, 2024, the Court granted in part and denied in part Defendant's motion to dismiss the FAC. More specifically, the Court dismissed Plaintiff's failure-to-accommodate claims, dismissed his breach of contract claim to the extent it is premised on the Defendant's alleged failure to abide by its non-discrimination policy, and struck his request for monetary damages under his ADA claim and for emotional distress damages under his Section 504 and breach of contract claims. *See generally* Dkt. 34. The Court also granted Plaintiff leave to file a second amended complaint. Plaintiff then filed the SAC on November 8, 2024 with amended failure-to-accommodate claims. Dkt. 35. Those claims are now the subject of Defendant's pending partial motion to dismiss Counts IV and V of the SAC. Plaintiff also filed a motion to reconsider certain aspects of the Court's October 31, 2024 ruling on Defendant's motion to dismiss the FAC (Dkt. 36), which is also pending. Because of the pending partial motion to dismiss the SAC, Defendant has not yet filed an answer in this action.

Consistent with the Court's previous orders, the Parties have been engaged in fact discovery despite the motion practice related to the pleadings. The parties exchanged initial disclosures under Federal Rule of Civil Procedure ("Rule") 26 on July 22, 2024. Defendant served Plaintiff with its first set of interrogatories and requests for production ("RFPs") on July 22, 2024. Plaintiff issued initial written objections and responses to Defendant's written discovery requests on September 3, 2024, and made an initial production of documents on October 7, 2024. In turn, Plaintiff served Defendant with his first set of interrogatories and RFPs on September 3, 2024. Defendant issued its written responses and objections and made an initial production of documents on October 17, 2024. In addition to producing various documents, Defendant notified Plaintiff that

it intended to collect electronically stored information ("ESI") and apply relevant search terms to identify and produce additional responsive documents. Defendant is working diligently to complete its review and production of documents and ESI.

On November 25, 2024, Defendant's counsel sent a letter to Plaintiff's counsel raising various issues and concerns relating to Plaintiff's September 3, 2024 discovery responses and October 7, 2024 production of documents. The Parties held a meet and confer discussion on January 3, 2025 and are working to resolve any remaining discovery issues or disputes, hopefully without the need for court intervention.

The Parties are working diligently to complete their respective document productions as soon as possible. Given the volume of ESI to review and the need to allow time to obtain Plaintiff's medical records form his health care providers after he signs authorization forms permitting his medical providers to produce Plaintiff's medical records, the Parties anticipate being in a position to complete their respective document productions in the next 4-6 weeks.

Both Parties anticipate deposing multiple fact witnesses after their respective document productions are complete. With the pending partial motion to dismiss the SAC that Defendant filed and Plaintiff's pending motion for reconsider, the precise nature of the claims and issues in this case are not entirely clear. Nor has Defendant answered the current complaint at this juncture. As a result of these factors, the Parties respectfully submit that the current February 14, 2025 fact discovery deadline is impractical and not reasonably possible to meet.

The Parties have conferred and agree that an extension of the fact discovery deadline, currently set for February 14, 2025, would be appropriate and aid in the orderly and efficient resolution of this matter. Accordingly, the Parties respectfully request that the Court to grant an extension of

the fact discovery deadline until June 13, 2025.  The Parties would be happy to file a joint or agreed motion formally requesting this extension if needed.

Date:  January 10, 2025

Respectfully submitted,

By:   /s Joseph P. Selbka
       Attorney for Plaintiff

Joseph Selbka
MacDonald, Lee, & Senechalle Ltd.
2300 Barrington Road, Suite 220
Hoffman Estates, Illinois 60169
847-310-0025
jselbka@lawphm.com

By:  /s/ Scott Warner
       Attorney for Defendant

Scott Warner
Husch Blackwell
120 South Riverside Plaza, Suite 2200,
Chicago, Illinois 60606
312-526-1633
scott.warner@huschblackwell.com

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that he caused the foregoing document to be filed with the Clerk of the Court using the CM/ECF system, which will send electronic notification to all registered counsel of record this 10th day of January, 2025:

Joseph P. Selbka
MacDonald, Lee, & Senechalle, LTD
2300 Barrington Road, Suite 220
Hoffman Estates, Illinois 60169-2034
pleadings@pmllegal.com
(847) 310-0025

s/ Scott Warner

***Attorney for Defendant***
***University of Chicago***