UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Robert Hight, *Plaintiff*, v. University of Chicago, *Defendant*. | No. 24 CV 2525 Judge Lindsay C. Jenkins |

ORDER[1]

The University of Chicago's motion to dismiss [Dkt. 38] is denied.

The University seeks dismissal of Counts IV and V, which allege failure to accommodate under the ADA. First, the University argues that Hight's medication reaction is not a disability as a matter of law. But as Hight points out, side effects experienced from a prescribed medication may be disabling within the meaning of the ADA. *See Christian v. St. Anthony Med. Ctr.*, 117 F.3d 1051, 1052 (7th Cir. 1997) ("[I]f a medical condition that is not itself disabling nevertheless requires, in the prudent judgment of the medical profession, treatment that is disabling, then the individual has a disability within the meaning of the Act."); *De Hoyos v. Ne. Ill. Reg'l Commuter R.R. Corp.*, 688 F. Supp. 3d 708, 721 (N.D. Ill. 2023) (concluding, on summary judgment, that "a reasonable jury could find that the side effects De Hoyos experienced from his prescribed Abilify . . . substantially impaired him in the major life activity of working, if nothing else") Ultimately, the University may be correct that a medication reaction as a disability applies only in narrow circumstances. But at the dismissal stage, Hight's allegation that his prescribed medication caused a reaction that impaired major life activities is sufficient to state a claim for failure to accommodate.

Second, the University argues that Hight fails to plead that he requested any specific accommodation that the University denied. The Court has its doubts about whether, as Hight argues, there is "no ironclad requirement for a plaintiff to request a specific accommodation." [Dkt. 44 at 7 (citing *Beck v. Bd. of Regents of Univ. of Wis.*, 75 F.3d 1130, 1135–36 (7th Cir. 1996).] Indeed, *Preddie v. Bartholomew Consolidated School Corporation*, explains that "a plaintiff typically must *request* an accommodation for his disability in order to claim that he was improperly *denied* an accommodation under the ADA." 799 F.3d 806, 813 (7th Cir. 2015) (emphasis in

---

[1] Citations to docket filings generally refer to the electronic pagination provided by CM/ECF, which may not be consistent with page numbers in the underlying documents.

1

original). But the cases the University relies on to emphasize its point, while persuasive, were decided at the summary judgment phase. [Dkt. 48 at 7.] The Court's research likewise did not reveal a case resolving this question on a motion to dismiss, which is not surprising given that the nature of the inquiry can sometimes be a factual one. *EEOC v. Sears, Roebuck & Co.*, 417 F.3d 789, 803–04 (7th Cir. 2005). Because Counts IV and V adequately allege that Hight is a qualified individual with a disability; that the University was aware of his disability; and it failed to reasonably accommodate it—all that is required under Rule 8(a)—dismissal is not appropriate. *See Gratzl v. Off. of Chief Judges of 12th, 18th, 19th, and 22nd Judicial Cirs.*, 601 F.3d 674, 678 (7th Cir. 2010).

Third, the University argues that at most, Hight has alleged that the University should have excused his misconduct because it was caused by his reaction to a medication, which "amounts to a request that he be given a second chance." [Dkt. 39 at 8.] In short, the University says that Hight's request to modify the disciplinary decision as an accommodation won't do. Hight responds that the second chance doctrine has no application here because his "reaction to medication was unforeseen and unforeseeable." [Dkt. 44 at 10.] It appears that the Seventh Circuit is among those courts holding that the ADA requires reasonable modifications, but not second chances, which is to say that when the accommodation a plaintiff seeks amounts to retroactive leniency, that is not a reasonable accommodation. *Schoper v. Bd. of Trs. of W. Ill. Univ.*, 119 F.4th 527, 534 (7th Cir. 2024) ("[W]e have previously stated that requesting a second chance is not a reasonable accommodation when it does not request that the employer change anything, but rather simply requests an opportunity for the employee to change their behavior.") (citing *Siefken v. Vill. of Arlington Heights*, 65 F.3d 664, 666–67 (7th Cir. 1995)). Dismissal on this ground is a very close call, especially since the only authority Hight cites are two non-binding district court cases from another circuit. [Dkt. 44 at 10.] But as already discussed, Hight has satisfied the pleading requirements necessary to state a failure to accommodate claim, so the balance ultimately tips against dismissal at the pleading stage.

\* \* \* \* \*

Hight has filed a motion to reconsider [Dkt. 36] the Court's prior ruling on his breach of contract claim. He argues that *Bosch v. NorthShore University Health System*, 155 N.E.3d 486, 495 (Ill. App. 2019), permits a student-plaintiff to proceed with a complaint for breach of implied tuition contract under Illinois law by establishing that (a) he was progressing towards receiving a degree and (b) he was dismissed for arbitrary, capricious, or bad faith reasons. [Dkt. 36 at 4; *See Bosch*, 155 N.E.3d at 498 ("We are simply noting that, if the claimed breach is a breach of the implied promise to grant a degree to a student who successfully completed the coursework, nothing more is required than that allegation.")]

This argument appears to be in tension with the Seventh Circuit's decision in *Gociman v. Loyola University of Chicago*, which concluded that a contract between a student and a university can be express or implied-in-fact, but either way "a student must point to an identifiable contractual promise that the defendant failed to honor." 41 F.4th 873, 883–84 (7th Cir. 2022). The Court need not decide this question in any event. As the University persuasively argues, Hight's allegations are decidedly not premised on the theory that he was successfully completing coursework. [Dkt. 35, ¶¶ 16, 17.]

Hight also addresses the Court's conclusion that Illinois law does not recognize a contractual obligation arising from a party's preexisting legal obligations such as the statutory obligations like those created by the ADA and Rehabilitation Act. [Dkt. 34 at 13.] But Hight's brief is silent on the cases the Court cited in its analysis. *See Moehling v. W. E. O'Neil Constr. Co.*, 170 N.E.2d 100, 106 (1960) ("[A] promise to do something one is already obligated to do is no consideration and creates no new obligation."); *Doe v. McHenry Cnty. Coll.*, 2020 WL 5209834, at *5 (N.D. Ill. Sept. 1, 2020). His failure to address them means there is nothing for the Court to reconsider. The motion is therefore denied.

Enter: 24-cv-2525
Date: January 22, 2025

_____
Lindsay C. Jenkins
United States District Judge

3