IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT HIGHT, an Individual, | |
| Plaintiff, | Case No.: 2024 CV 02525 |
| | Judge Lindsay C. Jenkins |
| v. | |
| | JURY TRIAL DEMANDED |
| THE UNIVERSITY OF CHICAGO, an Illinois Not for Profit Corporation, | |
| Defendant. | |

**PLAINTIFFS MOTION TO CONTINUE DEADLINE FOR COMPLETE DISCLOSURE OF EXISTING EXPERT WITNESSES TO MARCH 6, 2026 (UNOPPOSED) AND TO CONTINUE THE EXPERT WITNESS DISCLOSURE DEADLINE FOR AN ADDITIONAL EXPERT WITNESS FOR 60 DAYS (OPPOSED)**

NOW COMES the Plaintiff, Robert Hight, through his attorneys, MacDonald, Lee & Senechalle, Ltd.and requests the Court continue the expert disclosure deadlines. Plaintiff seeks to continue the expert discovery disclosure deadline for two of Plaintiff's experts to March 6, 2026, and extend the deadline for experts for 60 days for the following reasons.

**Procedural History Regarding Expert Discovery and the Facts Which Led to this Motion**

1) This is a dispute between a medical student (Plaintiff) who was dismissed from the Defendant's medical program. Plaintiff is making claims under the ADAAA, Section 504, and state law breach of contract claims.

2) For purposes of expert discovery, Plaintiff is seeking expert discovery regarding a reaction to medication which Plaintiff contends was an unlawful reason for dismissal.

3) The expert discovery cutoff was set for December 5, 2025 as of the close of fact discovery (Docket #61). While Plaintiff's expert was preparing his report, he indicated that he needed to speak to Plaintiff's treating psychiatrist, Dr. David Berrier. Dr. Berrier was and is an employee of Defendant.

4) The parties engaged in meet and confers regarding the interview of Dr. Berrier. Plaintiff eventually filed a motion to clarify regarding Plaintiff's ability to contact Dr. Berrier and for leave to take the deposition of Dr. Berrier regarding Dr. Berrier's treatment of Plaintiff. This motion was full briefed by the parties.

5) The Court granted Plaintiff's request to take Dr. Berrier's deposition by January 30, 2026 on November 5, 2025 (Docket #61, Order dated November 5, 2025, #67, joint status report of parties).

6) In this order, the parties' expert reports were due on March 2, 2026 (Docket #67).

7) Throughout December, 2025, and January, 2026, Plaintiff attempted to secure Dr. Berrier's deposition. Dr. Berrier had to retain his own personal counsel before being deposed, and was out of town until February, 2026. As such, in order to avoid a motion to compel and delay the deposition further, Plaintiff requested a continuance to take Dr. Berrier's deposition to February 27, 2026, which the Court granted (Docket #86, Motion to Extend; Docket #88, Order to Extend Deposition Deadline of Dr. Berrier).

8) In the Motion for Extension, Plaintiff did not request a continuance of the deadline to serve his expert report in the hope that his expert could complete the report by the end of February (Docket #86, Motion to Extend Deposition Deadline for Dr. Berrier). The Court set the

expert report deadline for February 27, 2026, because Plaintiff inadvertently informed the Court of the wrong date for the then existing deadline for the expert report (Docket #88, Order).

9) On February 12, 2026, Dr. Berrier sat for deposition. His transcript became available on February 17, 2026.

10) Plaintiff's counsel realized he likely would need more time to complete the expert reports upon receipt of Dr. Berrier's testimony.

11) On February 24, 2026, Plaintiff had a meet and confer with opposing counsel who subsequently informed Plaintiff that Defendant had no objection to an extension of March 6, 2026, for disclosure for expert reports.

12) Plaintiff disclosed preliminary reports from experts on February 27, 2026, but because of Plaintiff's counsel had to complete a major brief on another case in the last week in February, Plaintiff was unable to provide all of the other disclosures required by Rule 26 of the Federal Rules of Civil Procedure. Plaintiff's counsel was unable to coordinate with his expert until this week to obtain all of the supporting documents required by Rule 26.

13) Plaintiff's counsel has also been combatting illness from February 28, 2026, to the present which has additionally hampered his ability to coordinate and make the disclosures and address other aspects of this case.

**Plaintiff's Unopposed Request for an Order to Complete Expert Disclosures for Retained Experts and Treating Physicians by March 6, 2026**

14) Plaintiff retained a toxicologist expert who has prepared an expert report. Plaintiff has also disclosed a treating physician (Dr. Berrier) who was employed by the Defendant.

15) In light of Dr. Berrier's mid February deposition, Plaintiff's toxicologist was unable to complete his report until late February, 2026.

16) Plaintiff disclosed part of the toxicologist expert materials and Dr. Berrier as a nonretained expert on February 27, 2026. However, because Plaintiff's attorney was involved in drafting a complex brief the last week in February, Plaintiff's attorney was not able to coordinate with Plaintiff's toxicologist expert and obtain and serve all the supporting materials required by Rule 26. Specifically, Plaintiff's counsel was unable to coordinate with his expert to compile the exhibits in support of the report or a report of testimony in other proceedings until this week. Plaintiff's counsel has also been hampered this week by illness in working with Plaintiff's expert and his staff thus further slowing down the disclosures.

17) Plaintiff has had a meet and confer with opposing counsel who has no objection to complete disclosures by March 6, 2026 for Plaintiff to complete his expert disclosures. All disclosures for Plaintiff's current retained expert and treating physician will be complete by March 6, 2026.

18) Needing an additional deposition transcript (which was not available until February 17, 2026, to complete the report constitutes good cause to allow a short continuance to complete expert disclosures when coupled with: (a) Plaintiff's attorney being extensively involved regarding another case in late February, 2026; and (b) Plaintiff's counsel has also been combatting illness in late February and early March, 2026, which has slowed his ability to coordinate the turnover of the documents in question.

19) Moreover, in light of the fact that Defendant has no objection to the March 6, 2026, disclosure deadline, there is no harm to Defendant in granting the continuance. This is especially true since preliminary reports have already been made to Defendant in a timely

fashion and Dr. Berrier's deposition has been in Defendant's possession since late February.

**Plaintiff's Opposed Request to Receive an Additional 60 Days to Retain an Additional Expert**

20) In light of Dr. Berrier's deposition in mid February, 2026, Plaintiff is also seeking an additional retained expert (a retained neuroscientist or psychiatrist). Plaintiff requests an additional 60 days after March 6, 2026, to retain another expert.

21) Plaintiff has been searching for an additional expert since Dr. Berrier's deposition and is in the process of obtaining another expert. Plaintiff needed Dr. Berrier's deposition to determine whether an additional expert would be helpful.

22) Dr. Berrier's deposition was necessary for Plaintiff to determine if an additional expert would be advisable as Plaintiff has informed the Court in the past (Docket #86, Par.7).

23) Upon taking Dr. Berrier's deposition, Plaintiff determined that retaining an additional would be advisable.

24) Defendant opposes Plaintiff's 60 day extension to retain another expert.

25) Plaintiff contends that good cause exists for the extension because Dr. Berrier's deposition did not occur until mid- February, 2026, and Dr. Berrier's answers in the deposition spurred Plaintiff's choice to retain another expert. Dr. Berrier is Defendant's employee and Plaintiff agreed to wait to take Dr. Berrier's deposition until February, 2026, to accommodate Dr. Berrier.

**The Parties' Agreements Regarding Briefing this Motion and Discovery Moving Forward**

26) Defendant requests 14 days to respond to Plaintiff's request for an additional 60 days for expert discovery. Plaintiff requests 7 days to reply if necessary.

27) The parties request that, if this motion for extension is granted, that all other discovery deadlines set out in Docket #67 be extended for the amount of time Plaintiff is given to submit additional expert reports.

WHEREFORE, the Plaintiff, Robert Hight respectfully requests that this Court: (1) enter an order allowing complete disclosure of Plaintiff's retained expert and treating physician as of March 6, 2026; (2) enter an order allowing Plaintiff an additional 60 days to retain an additional expert; and (3) continuing all other expert discovery deadlines by the amount of time the Court gives Plaintiff to complete his expert disclosures.

Respectfully Submitted,

By: _____/S Joseph P. Selbka_____

One of Plaintiff's Attorneys

Joseph P. Selbka
MacDonald, Lee & Senechalle, Ltd
2300 Barrington Road, Suite 220
Hoffman Estates, Illinois 60169-2034
Attorney No.: 06238063
pleadings@lawpmh.com
(847) 310-0025