**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT HIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 24-cv-02525 |
| | ) | |
| v. | ) | Honorable Lindsay C. Jenkins |
| | ) | |
| UNIVERSITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>DEFENDANT UNIVERSITY OF CHICAGO'S MOTION FOR RECONSIDERATION</u>**

Defendant University of Chicago (the "University"), by and through its counsel, respectfully moves for reconsideration of a narrow aspect of the Court's March 27, 2026 Order ("Order") ruling on the University's motion for sanctions. Dkt. 100. In support of this Motion, the University states as follows:

1.     In its motion for sanctions, the University sought sanctions or, in the alternative, curative measures as a result of Plaintiff's failure to preserve both the Gmail account and the journal. *See* Dkt. 82 at ¶ 9 & p. 6. In denying the University's motion for sanctions with regard to the journal, the Court nevertheless found that Plaintiff "acted with gross negligence by not taking care to preserve the journal." Dkt. 100 at 11. Despite this finding, the Court did not explicitly address the University's request for curative measures relating to the journal. The Court did, however, determine that Plaintiff's gross negligence in failing to preserve the Gmail account meant that curative measures were warranted with regard to the Gmail account. *Id.* at 9-10. The University does not ask the Court to disturb any finding it made or revisit any legal conclusion it reached. It asks only that the Court clarify that curative measures are also warranted with regard to the journal

1

because, as is the case with the Gmail account, the Court's finding of gross negligence in failing to preserve the journal also supports the imposition of curative measures.

2.     The Order granted in part the University's motion for sanctions. Because the Order did not adjudicate all claims and all parties' rights and liabilities, it is a non-final interlocutory order subject to revision by Rule 54(b). *See* Fed. R. Civ. P. 54(b) (providing that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"); *Galvan v. Norberg*, 678 F.3d 581, 587 (7th Cir. 2012). Courts generally apply the same standards in reconsidering their decisions under Rules 54(b) and 59(e). *See Siemens Transformadores S.A. de C.V. v. Soo Line R. Co.*, No. 10 C 3750, 2012 WL 1938848, at *1 (N.D. Ill. May 29, 2012) (collecting cases).

3.     Reconsideration is appropriate when "there is newly discovered evidence or there has been a manifest error of law or fact." *McCray v. Truitt*, No. 23 C 3768, 2026 WL 851186, at *2 (N.D. Ill. March 27, 2026) (quoting *Emerson v. Dart*, 109 F.4th 936, 943 (7th Cir. 2024)). A manifest error of law is demonstrated by "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015) (quoting *Oto v. Metro Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)). Reconsideration is most pertinent where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *McCray*, 2026 WL 851186, at *2 (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)).

4.     The University respectfully submits that its motion implicates the third category identified in *Bank of Waunakee*. Here, the Court found that Plaintiff "unquestionably had a duty to

2

preserve" the journal and that he "acted with gross negligence by not taking care to preserve" it, (Dkt. 100 at 11)—the precise predicate findings that would justify the imposition of curative measures under the Court's inherent authority. *See Jones v. Bremen High Sch. Dist. 228*, No. 08 C 3548, 2010 WL 2106640, at *6, 9-10 (N.D. Ill. May 25, 2010) (imposing costs and a curative instruction upon a finding of fault-based spoliation, without any finding of bad faith). Although the Court based its imposition of curative measures relating to the Gmail account on the same finding of gross negligence (Dkt. 100 at 9-10), the Court did not impose any curative measures or address the issue of whether the gross negligence finding warranted such measures with regard to the journal.

5.      The University sought curative measures as an alternative to sanctions with regard to the journal in its motion for sanctions and in its briefs. The motion for sanctions specifically requested that, "[i]f the Court declines to find intent and willfulness or bad faith, but finds prejudice and fault, the University requests that the Court impose the curative measure of jury instructions regarding the spoliation of evidence, specifically requesting that factual findings regarding the failure to preserve the Gmail Account and journal be given to the jury along with an instruction that the jury may consider the circumstances surrounding the loss of the Gmail Account and journal and may presume these pieces of evidence were unfavorable to Plaintiff." Dkt. 82 at ¶ 9. In addition, the University's opening brief explained that "[f]ault includes gross negligence," identified curative measures as being available based upon such a finding, and specifically requested that, "in the alternative, if only curative measures are warranted," the Court issue a curative jury instruction and award attorneys' fees and costs. Dkt. 83 at 12-13, 15 n.7. Plaintiff failed to address this argument in his response brief. Nonetheless, the University's reply further argued that "even if the Court does not find . . . bad faith, willfulness, or recklessness under its

inherent authority, the University is still entitled to curative measures," and noted that Plaintiff's failure to address these grounds in his response "result[ed] in waiver." Dkt. 94 at 11 of 13. The Court's Order is silent with respect to these arguments.

6.     This appears to be inadvertent. The Court's detailed analysis of the journal spoliation— including findings regarding Plaintiff's duty to preserve, his gross negligence in failing to meet that duty, and the journal's relevance to this case—suggests that the Court intended to address the full scope of the University's request not only for sanctions but also, in the alternative, for curative measures as it relates to the journal. The absence of any discussion of curative measures, despite the University's explicit request for such measures and Plaintiff's failure to address this request in his response brief, indicates that this may have been an oversight rather than a conscious rejection of the University's request for curative measures relating to the journal. *See United States ex rel. Wilkerson v. Allergan Ltd.*, No. 22 CV 3013, 2025 WL 4083675, at *1 (N.D. Ill. June 3, 2025) (granting reconsideration where Court "overlooked" prior ruling).

7.     As noted in the motion for sanctions and the University's related briefs, the Court's inherent authority to sanction spoliation operates independently of Rule 37(e) and applies to non-ESI evidence like the journal. *Cohn v. Guaranteed Rate, Inc.*, 318 F.R.D. 350, 354 (N.D. Ill. 2016). Under this authority, curative measures are available upon a showing of: (1) a duty to preserve; (2) breach of that duty; (3) harm to the opposing party; and (4) fault—which includes "gross negligence of the duty to preserve material evidence." *Jones*, 2010 WL 2106640, at *6, 8; *see also O'Connor v. Ford Motor Co.*, 683 F. Supp. 3d 793, 798 (N.D. Ill. 2023).[1]

---

[1] While parties may not use motions for reconsideration to "advance arguments already rejected by the Court or new legal theories not argued before the ruling," *Yang, trustee of Wang Pin Kuan Yang Tr. of Chicago v. DeRiggi*, No. 24 CV 2734, 2024 WL 4132761, at *1 (N.D. Ill. Sept. 10, 2024) (quoting *Schilke v. Wachovia Mortg., FSB*, 758 F. Supp. 2d 549, 554 (N.D. Ill. 2010))), these arguments are not new and the Court did not explicitly address or reject the request for curative measures as it relates to the journal.

8.      Notably, bad faith is required only for the most severe sanctions such as dismissal or adverse inference instructions. *Jones*, 2010 WL 2106640 at *6. For lesser curative measures—including curative jury instructions regarding the circumstances of the spoliation—a finding of fault or gross negligence suffices. *Id.* at *6, 9-10; *ChampionsWorld, LLC v. U.S. Soccer Fed'n*, 276 F.R.D. 577, 583-84 (N.D. Ill. 2011).

9.      Here, the Court already made findings about the journal that established the first three of the four necessary elements for curative measures. The Court found Plaintiff "unquestionably had a duty to preserve" the journal, that he failed to preserve it during a move after this lawsuit was filed, and that he "acted with gross negligence by not taking care to preserve the journal." Dkt. 100 at 2, 4, 11. As to the fourth element—harm to the opposing party—the University demonstrated in its opening brief that the journal was critical because Plaintiff himself stated during his dismissal proceedings that he wrote in it on the night of April 30, 2023, immediately before sending the email that led to his dismissal, and that the journal thus would have provided contemporaneous evidence of Plaintiff's state of mind, motivations, and credibility. Dkt. 83 at 14. Plaintiff did not dispute this showing of harm. *See generally* Dkt. 89. More importantly, the Court did not reject the University's showing of harm; it simply found that the evidence did not establish bad faith. Dkt. 100 at 11. That finding, however, does not foreclose curative measures, which require only fault or gross negligence, not bad faith. *See Jones*, 2010 WL 2106640, at *9-10 (imposing curative measures based on fault without bad faith). In sum, the Court's finding of gross negligence and other findings satisfy the standard for curative measures under the Court's inherent authority just as they did with regard to the Gmail account under Rule 37(e).

10.      The University specifically requested two types of curative measures if the Court did not impose more severe sanctions: (1) a curative jury instruction regarding the circumstances

5

surrounding the loss of the journal and Plaintiff's failure to preserve it, and (2) an award of reasonable attorneys' fees and costs incurred in addressing the journal spoliation. Dkt. 83 at 15 n.7, 15. Plaintiff did not respond to these alternative requests in his response brief. *See generally* Dkt. 89. The University's reply brief expressly noted this failure and argued that Plaintiff had waived any objection to curative measures. Dkt. 94 at 11 of 13. The Court's Order does not address whether curative measures are warranted as a result of Plaintiff's failure to preserve the journal, whether Plaintiff waived his objection to such measures, or why—despite finding gross negligence—such measures are not warranted for the spoliation of the journal.

11.     Courts in this District routinely impose curative measures upon findings of fault-based spoliation even where bad faith has not been established. For instance, in *Jones*, the court found the plaintiff's conduct constituted "fault" but not bad faith, and accordingly imposed costs and fees for time spent addressing the spoliation and a curative instruction regarding the circumstances relating to the failure to preserve the missing evidence. 2010 WL 2106640, at *9-10. These cases recognize that even absent bad faith, parties who breach their preservation duties through gross negligence should not escape all consequences, particularly where the opposing party has been forced to expend resources addressing the spoliation as is the case here.

12.     The University respectfully submits that the curative measures requested here are reasonable and directly tied to the prejudice caused by Plaintiff's gross negligence. A curative instruction would inform the jury of the circumstances surrounding the journal's loss and allow the jury to consider those circumstances when evaluating Plaintiff's claims and credibility in light of his claim that he was writing in his journal on April 30, 2023, immediately before sending the email that led to his dismissal, and subsequent statements about his recollection of those events. *See* Dkt. 100 at 10-11. An award of fees and costs would compensate the University for the

resources it expended investigating the journal's whereabouts, attempting to obtain it through the meet-and-confer process, and ultimately litigating the spoliation. Both measures are proportionately tailored to remedy the prejudice caused by the spoliation. *O'Connor*, 683 F. Supp. 3d at 799; *Jones*, 2010 WL 2106640, at \*9.

13.     The University respectfully submits that the Court's express finding of gross negligence, combined with its findings regarding Plaintiff's duty to preserve and the journal's relevance, compel the conclusion that curative measures are warranted. The University does not ask the Court to reconsider its determination that bad faith was not established or to impose more severe sanctions. It asks only that the Court address and grant the University's alternative request for curative measures that was properly raised, unopposed by Plaintiff, and supported by the Court's own findings.

14.     Pursuant to this Court's case management procedures, counsel for the University conferred with Plaintiff's counsel prior to filing this motion. Plaintiff's counsel indicated that Plaintiff objects to this motion. Accordingly, counsel for the parties agreed upon the following proposed briefing schedule: Plaintiff to respond to the University's motion with 28 days, and the University to reply within 14 days thereafter.

WHEREFORE, for the foregoing reasons, the University respectfully requests that the Court reconsider its Order to the limited extent of addressing the University's request for curative measures with respect to the spoliation of Plaintiff's journal and grant other such relief as the Court deems just and proper.

7

Date: April 24, 2026

Respectfully submitted,

/s/ Scott Warner

Scott L. Warner
Mary E. Deweese
Husch Blackwell LLP
120 South Riverside Plaza, Suite 2200
Chicago, Illinois 60606
(312) 655-1500 (tel.) | (312) 655-1501 (fax)
scott.warner@huschblackwell.com
mary.deweese@huschblackwell.com

**Attorneys for Defendant**
**University of Chicago**

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned attorney hereby certifies that he caused the foregoing document to be

served on Plaintiff's counsel via email at the following address on April 24, 2026:


Joseph P. Selbka
MacDonald, Lee, & Senechalle, LTD
2300 Barrington Road, Suite 220
Hoffman Estates, Illinois 60169-2034
pleadings@pmllegal.com
(847) 310-0025



/s/ Scott Warner

***Attorney for Defendant***
***University of Chicago***