**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Robert Hight, | |
| *Plaintiff,* | |
| | No. 24 CV 2525 |
| v. | |
| | Judge Lindsay C. Jenkins |
| University of Chicago, | |
| *Defendant.* | |

**ORDER**

This order resolved the University of Chicago's motion for reconsideration, which is denied for the reasons discussed below. Familiarity with the court's prior sanctions order dated March 27, 2026 is assumed. [Dkt. 100.]

District courts have discretion to entertain motions to reconsider prior decisions. See Fed. R. Civ. P. 54(b); *Patrick v. City of Chicago*, 103 F. Supp. 3d 907, 911 (N.D. Ill. 2015); see also *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) ("[E]very order short of a final decree is subject to reopening at the discretion of the district judge."). But motions for reconsideration are "disfavored," *Patrick*, 103 F. Supp. 3d at 911, and "[t]o be within a mile of being granted, a motion for reconsideration has to give the tribunal to which it is addressed a reason for changing its mind." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004).

Ultimately, motions for reconsideration serve a very limited purpose: correcting manifest errors of law or fact and presenting newly discovered evidence. *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). A manifest error of law occurs "when the district court commits a wholesale disregard, misapplication, or failure to recognize controlling precedent." Burritt v. Ditlefsen, 807 F.3d 239, 253 (7th Cir. 2015) (cleaned up); see also *United States v. Ligas*, 549 F.3d 497, 501–02 (7th Cir. 2008) (a manifest error of law or fact occurs "when there has been a significant change in the law or facts since the parties presented the issue to the court, when the court misunderstands a party's arguments, or when the court overreaches by deciding an issue not properly before it.")

In March 2026, the University sought spoliation sanctions up to and including dismissal of the case as a result of Hight's failure to preserve the contents of a Gmail account and a journal. In the alternative to dismissal, the University argued for various curative measures as well as fees and costs. [Dkt. 83 at 12-16 (explaining that Hight's conduct rose to the level of willfulness or bad faith spoliation warranting

1

dismissal "or, at a minimum, an adverse inference jury instruction.")] The University now seeks partial reconsideration, arguing that the court addressed only some of the relief it requested with respect to spoliation of the journal.

District courts possess inherent authority to impose sanctions. *Fuery v. City of Chicago*, 900 F.3d 450, 463 (7th Cir. 2018) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). But "sanctions imposed pursuant to the court's inherent authority must be premised on a finding that the culpable party willfully abused the judicial process or otherwise conducted the litigation in bad faith." *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016) (citing *Chambers*, 501 U.S. at 50); *Trade Well Int'l v. United Cent. Bank*, 778 F.3d 620, 626 (7th Cir. 2015) (negligence is insufficient to support a finding of bad faith). In the Seventh Circuit, negligent destruction of evidence, even when a duty to preserve has been established, is not alone sufficient to justify inherent authority sanctions. *Bracey v. Grondin*, 712 F.3d 1012, 1020 (7th Cir. 2013); *Trask-Morton v. Motel 6 Operating L.*P., 534 F.3d 672, 681 (7th Cir. 2008) (stating bad faith is a prerequisite for sanctions in the Seventh Circuit).

Here, the court's prior order addressed bad faith, explaining that although Hight unquestionably failed in his duty to preserve the journal, including in anticipation of this lawsuit, it was not lost in bad faith. [Dkt. 100 at 11.] That is, Hight "acted with gross negligence by not taking care to preserve the journal," but "he lost it, meaning evidence was not destroyed for the purpose of hiding adverse information." [*Id.*] As a result, the court declined to impose sanctions based on the lost journal using its inherent authority.

The University urges the court to find that even in the absence of bad faith, it may impose other sanctions (such as a curative jury instruction and reasonable attorneys' fees) using its inherent authority upon a showing of fault, something that encompasses the gross negligence Hight showed here. [Dkt. 101 at 4.] See *e.g*, *ChampionsWorld, LLC v. U.S. Soccer Fed'n*, 276 F.R.D. 577, 582 (N.D. Ill. Aug. 17, 2011) (bad faith is not a prerequisite to the imposition of sanctions; fault is enough).]

While it is true that some courts have imposed sanctions using their inherent authority upon finding willfulness or fault, see *O'Connor v. Ford Motor Co.*, 683 F. Supp. 3d 793, 795 (N.D. Ill. 2023) and *Jones v. Bremen High Sch.*, 2010 WL 2106640, at *5 (N.D. Ill. May 25, 2010), this court takes heed of the Seventh Circuit's admonishment that the "crucial element" for spoliation "is not the fact that the documents were destroyed but that they were destroyed for the purpose of hiding adverse information." *Downing v. Abbott Lab'ys*, 48 F.4th 793, 812 (7th Cir. 2022) (quoting *Norman-Nunnery v. Madison Area Tech. Coll.*, 625 F.3d 422, 428 (7th Cir. 2010)).

So even though Hight's disposal of the journal was unquestionably negligent (indeed grossly negligent), negligence alone is not enough to justify sanctions in this Circuit. Because the University has not demonstrated that the journal was spoliated

in bad faith or that he willfully abused the judicial process, sanctions are not warranted.

The motion for reconsideration is denied.

Enter: 24-cv-2525
Date:   June 3, 2026

_____
Lindsay C. Jenkins