**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT HIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:24-cv-02525 |
| | ) | |
| v. | ) | Honorable Lindsay C. Jenkins |
| | ) | |
| UNIVERSITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT MOTION FOR EXTENSION OF DEADLINE FOR PARTIES TO
MEET AND CONFER REGARDING REASONABLE ATTORNEY'S FEES
AND COSTS RELATING TO DEFENDANT'S MOTION FOR SANCTIONS**

Plaintiff Robert Hight and Defendant University of Chicago (collectively, "the Parties"), through their respective counsel, submit this Joint Motion for Extension of Deadline for Parties to Meet and Confer Regarding Reasonable Attorney's Fees and Costs Relating to Defendant's Motion for Sanctions (the "Motion"). In support of the Motion, the Parties state:

*1.* By Order dated March 27, 2026, the Court granted the University's motion for sanctions (Dkt. 82) in part and ruled that "the following measures are no greater than necessary to cure the prejudice: (a) certain adverse inference instructions will be given to the jury at trial: (b) the University is awarded reasonable attorney's fees and costs incurred in filing its sanctions motion." *See* Dkt. 99. The Court ordered the University to submit to Plaintiff's counsel an itemization of its reasonable attorney's fees and costs and further required the parties to meet and confer to agree on the amount of payment by May 1, 2026. *Id.*

2. Consistent with the Court's March 27 order, on April 10, 2026, the University submitted to Plaintiff's counsel an itemization of what it views as its reasonable attorney's fees and costs incurred in filing its sanctions motion. On April 30, 2026, Plaintiff's counsel responded

1

to the University's itemization of attorney's fees and costs. In his response, Plaintiff's counsel raises, among other arguments, that the University is not entitled to the full itemization of attorney's fees and costs it incurred in filing its sanctions motion because the University "was not successful on most of the requested relief in the motion" including the fact that the University "didn't succeed at all on the emotional journal issue."

3. On April 24, 2026, the University moved for reconsideration of the Court's ruling on the motion for sanctions as it relates to the journal issue ("Motion for Reconsideration"). *See* Dkt. 101. Specifically, the University asked the Court to reconsider its initial ruling denying curative measures to address Plaintiff's failure to preserve the journal. *Id.* On April 27, 2026, the Court ordered that Plaintiff may respond to the Motion for Reconsideration by May 11, 2026, and stated that it "does not require a reply brief at this time." Dkt. 102.

4. Undersigned counsel also met and conferred by telephone on May 1, 2026, regarding the appropriate amount of attorney's fees and costs to be awarded but were unable to reach an agreement on this issue.

5. As reflected in the May 1, 2026 Joint Status Report Regarding Efforts to Agree on Fees and Costs Associated with the University's Motion for Sanctions, in light of Plaintiff's contention that the amount of reasonable attorney's fees should be reduced based upon the Court's initial ruling on the motion for sanctions and the Motion for Reconsideration relating to that ruling, the parties proposed that having some additional time to complete the meet and confer process after the Court ruled on the Motion for Reconsideration would be appropriate and would aid in the orderly resolution of this issue. Accordingly, the parties requested that the May 1, 2026, deadline for the parties to meet and confer regarding the amount of reasonable attorney's fees and costs until 14 days following the Court's ruling on the Motion for Reconsideration. *See* Dkt. 103.

6.      By Order dated June 3, 2026, the Court denied the Motion for Reconsideration. Dkt. 106. In light of counsel's schedules, including undersigned counsel for the University's previously scheduled vacation from June 13-June 27, 2026 and undersigned counsel for Plaintiff's previously scheduled vacation from July 6-17, 2026, the parties respectfully request that they be granted until August 3, 2026 to agree on an amount of reasonable attorney's fees and costs relating to the University's motion for sanctions or inform the Court that the parties are at an impasse.

WHEREFORE, for the foregoing reasons, the parties respectfully request that the deadline for agreeing on an amount of reasonable attorney's fees and costs relating to the University's motion for sanctions or informing the Court that the parties are at an impasse be extended until August 3, 2026.


Date:   June 12, 2026

Respectfully submitted,


By: _/s/ Joseph Selbka_____
      Attorney for Plaintiff

Joseph Selbka
MacDonald, Lee, & Senechalle, Ltd.
2300 Barrington Road, Suite 220
Hoffman Estates, Illinois 60169
847-310-0025
jselbka@pmllegal.com

By: _/s/ Scott Warner_____
       Attorney for Defendant

Scott Warner
Husch Blackwell LLP
120 South Riverside Plaza, Suite 2200
Chicago, Illinois 60606
312-526-1633
scott.warner@huschblackwell.com

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that he caused the foregoing document to be filed with the Clerk of the Court using the CM/ECF system, which will send electronic notification to all registered counsel of record this 12th day of June, 2026.

_/s/ Scott Warner_

***Attorney for Defendant***
***University of Chicago***