**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT HIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 24-cv-02525 |
| | ) | |
| v. | ) | Honorable Lindsay C. Jenkins |
| | ) | |
| UNIVERSITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT UNIVERSITY OF CHICAGO'S MEMORANDUM IN SUPPORT OF ITS PETITION FOR FEES INCURRED IN CONNECTION WITH MOTION FOR SANCTIONS**

Defendant University of Chicago (the "University"), by and through its counsel, respectfully submits this Memorandum in support of its Petition for Fees Incurred in Connection with its Motion for Sanctions ("Fee Petition" or "Petition"). As explained in more detail below, the University seeks $68,500.61 in attorney's fees associated with the Motion for Sanctions. This request is supported by application of the lodestar method and, in the exercise of reasonable billing judgment, a reduction of the total amount of fees billed and paid to account for the specific parameters of the Court's rulings regarding the Motion for Sanctions and other considerations.

## I. BACKGROUND

The University sought sanctions for Plaintiff's spoliation of two sources of evidence relating to the April 30, 2023 e-mail that is at the core of this case: (1) the contents of the Gmail account Plaintiff created and used to send the April 30, 2023 e-mail and (2) an "emotional journal" that allegedly described the circumstances that led Plaintiff to send the April 30, 2023 e-mail. Dkt. 82-83 (Motion for Sanctions and opening brief); Dkt. 93 (reply in support of Motion for Sanctions); *see also* Dkt. 84 (unopposed motion to file certain exhibits to the motion for sanctions

under seal ("Motion to Seal")).[1] On March 27, 2026, the Court entered an Order granting the Motion for Sanctions in part under Rule 37(e) (the "Sanctions Order"). Dkt. 100. As to the Gmail account, the Court found that Plaintiff failed to take reasonable steps to preserve it and ruled that "the University will be permitted to present evidence to the jury regarding lost access to the account, and the likely relevance that evidence would have had[.]" Dkt. 100 at 10. The Court further ordered that "[a]s an additional curative measure, the University is entitled to reasonable attorney's fees and costs, limited to those fees and costs incurred in filing its sanctions motion." *Id.* As to the journal, the Court found that Plaintiff "unquestionably had a duty to preserve" it and had acted with gross negligence in failing to do so, but concluded that this gross negligence did not amount to bad faith and therefore declined to impose sanctions under its inherent authority for Plaintiff's failure to preserve the journal. Dkt. 100 at 11. In its Minute Entry entering the Sanctions Order, the Court ordered: "Because there has only been a showing of prejudice (but not intent), the court concludes that the following measures are no greater than necessary to cure the prejudice: (a) certain adverse inference instructions will be given to the jury at trial [and] (b) the University is awarded reasonable attorney's fees and costs incurred in filing its sanctions motion." Dkt. 99. The Court directed the University to submit an itemization of its attorney's fees and costs to Plaintiff's counsel and directed the parties to meet and confer in an effort to agree on the amount of payment. Dkt. 99.

The University subsequently filed a motion for partial reconsideration of the Sanctions Order ("Motion for Reconsideration"), seeking clarification that curative measures were also warranted for the failure to preserve the journal, given the Court's finding that Plaintiff acted with gross negligence in failing to preserve it. Dkt. 101. The Court denied the Motion for

[1] The briefing on the Motion for Sanctions, including the Motion to Seal, are collectively referred to herein as the "Motion for Sanctions Filings."

Reconsideration on June 3, 2026, ruling that because the journal was lost through gross negligence rather than bad faith, sanctions under the Court's inherent authority for the loss of the journal were not independently warranted. Dkt. 106 at 2-3.

Pursuant to the Court's directive, the University provided Plaintiff's counsel with an itemization of its fees and costs, and the parties met and conferred on multiple occasions in an effort to agree on the amount of payment. The parties were unable to reach agreement, and the University respectfully submits its Petition so that the Court may determine a reasonable fee award.

## II. LEGAL STANDARD

Rule 37(e)(1) permits courts to "order measures no greater than necessary to cure" prejudice resulting from a party's failure to preserve electronically stored information, which includes an award of the fees and costs reasonably necessary to cure that prejudice. *Pable v. Chi. Transit Auth.*, 145 F.4th 712, 722 (7th Cir. 2025); *see also* Fed. R. Civ. P. 37(e)(1). Courts may calculate such awards using the lodestar method: reasonable hours expended multiplied by a reasonable hourly rate. *Pable v. Chi. Transit Auth.*, 2023 WL 5955832, at *3, 6 (N.D. Ill. Aug. 16, 2023), *report and recommendation adopted*, 2024 WL 3688708 (N.D. Ill. Aug. 7, 2024), *aff'd*, 145 F.4th 712 (7th Cir. 2025); *see also Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011). This calculation "yields a presumptively reasonable fee," which the Court may then adjust based on the degree of success obtained and other relevant factors. *Montanez v. Simon*, 755 F.3d 547, 553 (7th Cir. 2014) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Pickett*, 664 F.3d at 639).

Both components of the lodestar calculation—the hourly rate and the hours expended—are presumptively reasonable where, as here, the requesting party's client has actually paid the fees at issue. In reviewing the reasonableness of fees stemming from Rule 37 sanctions, courts in this

District have made clear that "[a] client's payment of a bill for attorneys' fees is evidence that the hourly rate, the level of detail in the billing statements, and the number of hours incurred is presumptively reasonable." *DR Distribs., LLC v. 21 Century Smoking, Inc.*, 2022 WL 5245340, at *1 (N.D. Ill. Oct. 12, 2022); *see also Cintas Corp. v. Perry*, 517 F.3d 459, 469-70 (7th Cir. 2008) ("the best evidence of whether attorney's fees are reasonable is whether a party has paid them.").

Although the party seeking a fee award bears the burden of establishing the proposed fees are reasonable, the burden then shifts to the party challenging the fee request to demonstrate the unreasonableness of the request. *See DR Distribs., LLC*, 2022 WL 5245340, at *2; *see also Montanez*, 755 F.3d at 555-56. As the Seventh Circuit has stated, "the court cannot simply 'eyeball the fee request and cut it down by an arbitrary percentage because it seemed excessive.'" *Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 708 (7th Cir. 2001) (quoting *People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1314 (7th Cir. 1996)). The reasonableness of hours spent "is a highly contextual and fact specific enterprise." *Sottoriva v. Claps*, 617 F.3d 971, 975 (7th Cir. 2010). Nor must the Court achieve precision in awarding fees: a court should "not hold itself to auditing perfection but is entitled to do rough justice in awarding reasonable fees and to use estimates" to resolve fee disputes. *Pable*, 2023 WL 5955832, at *6 (quoting *Am. Senior Cmtys. L.L.C. v. Burkhard*, 2020 WL 13553259, at *1 (S.D. Ind. Nov. 25, 2020)). If a party bills by the hour, "the market provides the starting point: the lawyer's hourly rate," which is "presumptively appropriate" absent a showing of "good reason" to depart from it. *Gusman v. Unisys Corp.*, 986 F.2d 1146, 1150-51 (7th Cir. 1993); *see also In re Synthroid Mktg. Litig.*, 264 F.3d 712, 722 (7th Cir. 2001) ("If counsel submit bills with the level of detail that paying clients find satisfactory, a federal court should not require more.").

## III. ARGUMENT

The University incurred and has paid $102,114.00 in attorney's fees in connection with the Motion for Sanctions Filings. Fee Petition Ex. A (Declaration of S. Warner), ¶¶ 9, 11; *see also* Fee Petition Ex. B (Billing Statements). These fees reflect 202.8 hours of attorney and paralegal time spent preparing for and briefing arguments that Plaintiff had violated his discovery obligations when he failed to preserve both the Gmail account and the journal, as well as responding to counterarguments raised by Plaintiff. Fee Petition Ex. A ¶¶ 2, 8, 10; Fee Petition Ex. B. As a preliminary matter, the University believes that an award for the full amount fees would be reasonable under the circumstances. Nonetheless, the University has agreed to reduce the amount of fees it is seeking to (a) account for the fact that the Motion for Sanctions was granted in part and the Motion for Reconsideration was denied and (b) reduce the fees for certain billing entries for work performed by attorneys to the applicable paralegal rate. The University first addresses the reasonableness of its initial lodestar calculation, and then addresses its proposed reductions to that amount.

### A. The University's Hourly Rates and Hours Expended are Reasonable.

Under the lodestar method—reasonable hours expended multiplied by a reasonable hourly rate, *see Pable*, 2023 WL 5955832, at *3, 6—the University believes the total amount of fees incurred and paid in connection with the Motion for Sanctions Filings ($102,114.00) is appropriate and reasonable. The first component of the lodestar (reasonableness of counsel's hourly rates) is readily satisfied here. The rates charged by the University's counsel reflect their normal billing rates for this matter and were actually billed to and paid by the University. Fee Petition Ex. A, ¶¶ 6-11. Where a fee applicant's rates are the rates it actually charges and its client actually pays, those rates are presumptively reasonable market rates. *Cintas*, 517 F.3d at 469-70; *Gusman*, 986 F.2d at 1150-51. The rates charged by the University's counsel (available at Fee Petition Ex. A, ¶¶

6-7) reflect their normal billing rates for this matter and were actually billed to and paid by the University, a sophisticated institutional client with experienced in-house counsel that reviewed and approved each billing statement underlying this Fee Petition. Fee Petition Ex. A, ¶ 11. Nothing about the rates charged departs from counsel's ordinary billing practices, and no adjustment to the hourly rates is warranted.

The second component of the lodestar (hours expended) is likewise satisfied, given the complexity of the issues briefed and the significant amount of work required. The University's counsel expended 202.8 hours on the Motion for Sanctions. Fee Petition Ex. A, ¶ 10. The Motion for Sanctions Filings required the University to establish all five threshold prerequisites for relief under Rule 37(e), and then to brief, in the alternative, both the intent standard applicable to severe sanctions under Rule 37(e)(2) and the prejudice standard applicable to curative measures under Rule 37(e)(1). *See* Dkt. 82, 83. The University separately had to establish the elements for relief under the Court's inherent authority with regard to Plaintiff's failure to preserve the journal, a distinct body of law with its own culpability standard. *Id.* In reply, the University was required to respond to multiple arguments raised by Plaintiff, including the argument Plaintiff raised under the Court's standing order regarding ESI conferral, his argument that the Gmail account was not ESI at all, his argument implicating the Stored Communications Act's restrictions on civil subpoenas to e-mail providers, and his relevance objection tied to the Court's prior dismissal of a claim. Dkt. 93. The Sanctions Motion Filings, inclusive of the supporting memorandum and reply, cited approximately two dozen cases and were supported by twenty-three exhibits, several of which required identification, redaction, and sealing of materials protected under the Family Educational Rights and Privacy Act ("FERPA"). Dkt. 83, 93; *see also* Dkt. 84, 87. This was not a routine or formulaic motion, and the time the University's counsel reasonably spent researching, analyzing,

and briefing these issues reflects that complexity and the care with which the University presented these issues to the Court.

Indeed, courts have approved comparable or greater time on similarly contested Rule 37(e) spoliation motions. For example, in *Pable*, the court approved 153.4 hours for preparing a Rule 37(e) motion for sanctions motion and a further 63.1 hours for the reply brief for a total of 216.5 hours. *Pable*, 2023 WL 5955832, at *9-10 (Report and Recommendation); *Pable*, 2024 WL 3688708, at *10 (adopting Report and Recommendation on the petition for fees and costs). Here, the University's counsel spent 202.8 hours on the Motion for Sanctions Filings, inclusive of the opening supporting memorandum and the reply brief—fewer hours than the *Pable* court approved for the sanctions motion and reply in that case. *See id.*

In anticipation of arguments Plaintiff might raise in response to the University's Fee Petition, the University briefly addresses a few points of possible contention. First, the participation of more than one timekeeper on a substantial motion does not suggest an inappropriate duplication of effort, as courts in this District recognize that "the guiding hand of a more experienced, senior attorney may promote efficiency" rather than redundancy. *See Mouloki v. Epee*, 2017 WL 2791215, at *6 (N.D. Ill. June 27, 2017). Block billing also does not, as a matter of law, render fees unreasonable; the relevant question is whether the time records permit the Court to assess the reasonableness of the time claimed. *See Farfaras v. Citizens Bank & Tr. of Chi.*, 433 F.3d 558, 569 (7th Cir. 2006); *Fields v. City of Chicago*, 2018 WL 253716, at *8 (N.D. Ill. Jan. 11, 2018). The University's Fee Petition reflects a reasonable division of labor between multiple timekeepers, as necessary to engage in the research and drafting of the Motion for Sanctions Filings.

As for time on matters related to exhibits and other tasks that Plaintiff may argue were more administrative in nature and should or could have been done by a non-attorney billing a lower hourly rate, the relevant standard asks whether a task is "easily delegable to non-professional assistance," not merely whether it could theoretically be billed at a lower rate. *Cf. Spegon v. Cath. Bishop of Chi.*, 175 F.3d 544, 553 (7th Cir. 1999). Unlike in *Spegon*, in which the court found the attorney failed to exercise billing judgment by including time updating her case list, updating her calendar, and conferring with the paralegal about communications with the court clerk, *see id.*, here identifying, analyzing, and organizing twenty-three exhibits for the sanctions motion—including the identification and redaction/sealing of materials protected under FERPA—required the exercise of attorney judgment, as did carefully reviewing the legal authorities cited by both parties. As such, attorney time (rather than paralegal time) on these tasks was appropriate.

Multiplying the reasonable rate by the reasonable hours described above yields a lodestar amount that is reasonable. The Motion for Sanctions was a single, unified filing addressing Plaintiff's spoliation of both the Gmail account and the journal, briefed together because both arose from the same underlying conduct, the same discovery record, and the same credibility questions central to this case. Dkt. 82; Dkt. 83; Dkt. 94. Accordingly, the University believes an award of the total amount of fees incurred in preparing and filing the Motion for Sanctions Filings would be appropriate.

### B. In the Exercise of Billing Judgment, the University Has Voluntarily Reduced the Amount of Fees Requested in Its Fee Petition.

Although the University maintains that the full lodestar figure described above is reasonable, the University has nonetheless undertaken a further review of the relevant billing entries and has reduced the total amount of fees requested in its Fee Petition. The University understands that a party seeking a fee award must exercise "billing judgment" by excluding hours

that are excessive, redundant, or otherwise unnecessary. *Hensley*, 461 U.S. at 434. While the University disputes that any of the fees incurred and paid in connection with the Motion for Sanctions Filings are excessive, redundant, or unnecessary, the University is also mindful of the fact that sound billing judgment may call for a reduction of fees that were not directly incurred in connection with counsel's work specifically related to Plaintiff's failure to preserve the Gmail account. As set forth in the itemization of fees attached as Exhibit C to the Fee Petition and summarized below, the University therefore reduces its original itemization of $102,114.00 to a request of $68,500.61.[2] This is based on two types of reductions that the University has made in the further exercise of billing judgment.

First, the University has voluntarily eliminated any fees attributable to the portions of the Motion for Sanctions Filings that only address the journal issue, an issue on which the Court denied additional relief, and reduced the fees incurred for work that addressed Plaintiff's failure to preserve both the journal and the Gmail account combined. Billing entries reflecting work solely on the issue of the failure to preserve the journal, totaling $2,970.00, have been reduced to $0. Fee Petition Ex. A ¶ 13. With respect to billing entries reflecting work on issues relating to the failure to preserve both the journal and the Gmail account, the University has applied a proportional reduction rather than seeking full recovery. Based on a page-by-page review of the Motion for Sanctions and supporting briefs, the University determined that approximately 67% of the pages addressed, in whole or in part, the Gmail account issue, and approximately 33% addressed, in whole or in part, the journal issue. Fee Petition Ex. A ¶ 13. Applying that 67% proportion, the University has reduced $84,987.50 in fees to $56,941.63. Fee Petition Ex. A ¶ 13.

[2] The Statements at Exhibit B do not show the reductions explained herein. Those reductions are detailed in the spreadsheet at Exhibit C.

Second, for entries reflecting work that one might argue was more administrative in nature—principally, identifying and organizing exhibits—the University has reduced the applicable rate to a paralegal rate, notwithstanding the fact that this work required the exercise of legal judgment, including the identification and handling of FERPA-protected materials that were the subject of the Motion to Seal. Fee Petition Ex. A ¶ 14; *see also* Dkt. 84. Because this work also related to both the Gmail account and the journal, the University has also applied the same 67% proportional reduction described above. Fee Petition Ex. A ¶ 14. As a result, $4,199.00 in such entries has been reduced first to $2,390.00 at the paralegal rate, and then to $1,601.30 after the proportional reduction. Fee Petition Ex. A ¶ 14.

The remaining $9,957.50 in entries reflects work relating solely to the Gmail account and not identified as potentially more administrative in nature; the University therefore seeks these fees in full, without reduction. Fee Petition Ex. A ¶ 15. In total, the University's base lodestar amount of $102,114.00 in original charges has been reduced to $68,500.61 through the adjustments described above.[3] Fee Petition Ex. A ¶¶ 12-16; *see also* Fee Petition Ex. C.

## IV. CONCLUSION

For the foregoing reasons, and those stated in the Fee Petition, the University respectfully requests that the Court award it $68,500.61 in attorney's fees pursuant to its March 27, 2026 Order.

[3] The University is also entitled to seek the fees it has incurred in preparing its Fee Petition. *See Pable*, 2023 WL 5955832, at *11 (recognizing that "district courts have discretion to award the fees that a party incurred in preparing a fee petition" under Rule 37(e)). Despite the additional time the University's counsel has incurred corresponding with Plaintiff's counsel in multiple attempts to resolve this dispute without court intervention, and in preparing this Petition and its supporting declaration and exhibits, the University has not included those fees in its Fee Petition. If the Court determines that the University is also entitled to its reasonable attorney's fees for this work, the University will submit a supplemental fee petition or whatever further documentation the Court deems appropriate.

Date: September 14, 2026

Respectfully submitted,

*/s/ Scott Warner*

Scott L. Warner
Mary E. Deweese
Husch Blackwell LLP
120 South Riverside Plaza, Suite 2200
Chicago, Illinois 60606
(312) 655-1500 (tel.) | (312) 655-1501 (fax)
scott.warner@huschblackwell.com
mary.deweese@huschblackwell.com

***Attorneys for Defendant University of Chicago***

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that he caused the foregoing document to be served on Plaintiff's counsel via email at the following address on September 14, 2026:

Joseph P. Selbka
MacDonald, Lee, & Senechalle, LTD
2300 Barrington Road, Suite 220
Hoffman Estates, Illinois 60169-2034
pleadings@pmllegal.com
(847) 310-0025

*/s/ Scott Warner*

***Attorney for Defendant***
***University of Chicago***