IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT HIGHT, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>THE UNIVERSITY OF CHICAGO, an Illinois Not for Profit Corporation,<br><br>Defendant. | Case No.: 2024 CV 02525<br><br>Judge Lindsay C. Jenkins<br><br>JURY TRIAL DEMANDED |

**Plaintiff Objections to Defendant's Attorney Fee Petition and Response to Defendant's Motion for Attorneys Fees**

Now Comes the Plaintiff, Robert Hight, through his attorneys, MacDonald, Lee & Senechalle, Ltd. , and objects to the attorney fee petition of Defendant, University of Chicago for the following reasons.

## I. Introduction and Summary of Arguments

Plaintiff will set out below in detail his objections to the request for attorneys fees. However, the basic arguments can be summarized as follows: (1) Defendant spent too many hours to complete one motion and one reply than is reasonable; (2) Defendant is seeking time for hours spent on unrelated and unsuccessful claims; (3) Defendant failed in obtaining most of the relief requested; and (4) the request is so overstated so as to amount to bad faith.

## II. Basis For Determining Reasonable Fees

In determining a reasonable fee award, courts are required to first determine a lodestar which is the reasonable number of hours spent on a task multiplied by a reasonable hourly rate. *Mathur v. Board of Trustees of Southern Illinois University,* 317 F.3d 738, 742 (7th Cir. 2003). When time is spent on claims unrelated to the claims upon which Defendants was successful, time spent on unrelated claims cannot be included in the lodestar. *Mary Beth G. v. City of Chicago*, 723 F.2d 1263, 1279-1280 (7th Cir. 1983). A District Court has no discretion to award fees for unrelated, unsuccessful claims. *Id.* at 1279. Claims which are based on different courses of conduct and different legal theories are unrelated to one another. *Id.* at 1279-1280. In *Mary Beth G.,* the Seventh Circuit found claims for false arrest and excessive force during the arrest to be unrelated to a claim for an unconstitutional strip search resulting from the arrest. *Id.* at 1279-1280.

In regard to different legal theories, when claims require proving different elements, the claims are legally unrelated. *Green v. Peters,* 2002 U.S. Dist. Lexis 11671 (N.D. Ill. 2002); *S.D. v. Faulkner*, 705 F.Supp. 1361 (S.D. Ind. 1989). When a party has to prove a different course of conduct, the claims are factually unrelated. *Mary Beth G. v. City of Chicago*, 723 F.2d 1263, 1279-1280 (7th Cir. 1983); *S.D. v. Faulkner*, 705 F.Supp. 1361 (S.D. Ind. 1989). To quote the Circuit Court in *Mary Beth G.*: 723 F.2d at 1279 (footnotes omitted):

> The case instructs, however, that the starting point for separating an unrelated, unsuccessful claim from a related, unsuccessful claim is to determine whether a particular unsuccessful claim shares a "common core of facts" with the successful claim or is based on a " related legal theory." *Id.* We believe a useful tool for making this determination is to focus on whether the claims seek relief for essentially the same course of conduct. Under this analysis, an unsuccessful claim will be unrelated to a successful claim when the relief sought on the unsuccessful claim is intended to remedy a course of conduct entirely distinct and separate from the course of conduct that gave rise to the injury on which the relief granted is premised.

When a fee petition contains hours which can't easily be divided into successful and unsuccessful claims, the district court has discretion to either deny the hours in their entirety or reduce the fee award. *Montanez v. Simon,* 755 F.3d 547, 553(7th Cir. 2014). When fee petition requests for successful claims cannot be disentangled the Court should reduce the fee award. *Id.*

In this case, Defendant's motion contained four contentions as a basis for imposing sanctions which were separate claims. Defendant succeeded on only one claim. Specifically, Defendant argued that sanctions should be imposed for:

1) Intentional Spoliation of ESI (a Gmail account) Under Rule 37(e)(2) which required a showing that Plaintiff intentionally destroyed evidence for the purpose of preventing Defendant from using the evidence in the litigation;
2) Intentional spoliation of ESI (a Gmail account) under the Court's inherent authority to sanction which requires a showing that Plaintiff intentionally destroyed ESI for the purpose of preventing Defendant from using the evidence in the litigation;
3) Intentional spoliation of emotional journals which requires a showing that Plaintiff intentionally destroyed emotional journals for the purpose of preventing Defendant from using the contents of the journals as evidence in the litigation;
4) Negligent failure to preserve ESI (a Gmail account) under Rule 37(e )(1) which required a showing that Plaintiff negligently failed to take affirmative steps to preserve the Gmail Account;

Each of these contentions is a separate claim. Defendant was only successful on one claim in its motion, Contention #4. Importantly, Contention #4 was unrelated to the other three claims. Specifically: (1) each contention depended on a different, unrelated legal theory (separate sections of Rule 37 or the common law); and (2) the facts necessary to prove a claim under Contention #4

required showing a different course of conduct than the other three contentions. Contention #4 required a showing that Plaintiff negligently failed to take reasonable affirmative steps to preserve the Gmail Account. Contentions #1 and #2 required a showing that Plaintiff intentionally destroyed the Gmail Account for the purpose of preventing Defendant from using the evidence in the litigation. Contention #3 required a showing that Plaintiff intentionally destroyed physical journals for the purpose of preventing Defendant from using the journals in the litigation. Contentions ##1-3 relied on legal theories to punish Plaintiff intentional destruction of evidence. Contention #4 is intended to remedy a negligent failure to preserve ESI. Contention #4 is thus unrelated to Contentions ##1-3. No fees can thus be awarded for time spent on Contentions ##1-3.

Moreover, as the Court notes in it order, under Rule 37(e )(2), the Court can only grant relief to Defendant "no greater than to cure the prejudice" arising from the negligent failure to preserve the Gmail Account. *Pable v. Chicago Transit Authority*, 145 F.4th 712, 723-724 (7th Cir. 2025). All attorneys fees expended in Defendant's attempts to prove Contentions #1-3 were not incurred to cure the alleged prejudice to Defendant from the lost Gmail Account. This is because: (1) Defendant was seeking punishment for intentional destruction of ESI (which Defendant did not prove); (2) Defendant was seeking relief for loss of physical documents (the emotional journals) unrelated to the Gmail Account; and (3) Defendant did not receive any relief under said three Contentions. The general rule is that a party bears its own attorneys fees in litigation absent a statutory section shifting fees. *Lowe v. Letsinger,* 772 F.2d 308. 315 (7th Cir. 1985). Rule 37 (e ) does not specifically allow for the District Court to assess attorneys fees against a sanctioned party. *Pable v. Chicago Transit Authority* 145 F 4th at 723-724. The Seventh Circuit allows fees under Rule 37(e )(1) to be imposed only for fees incurred necessary to cure the prejudice to the moving

party arising from the negligent failure to preserve the ESI. *Id*. In this case, this means that fees incurred for negligent failure to preserve the Gmail Account are the only fees the Court has the power to assess against Plaintiff.

Fees incurred by the Defendant related to attempts to prove intentional destruction of ESI or intentional destruction of the emotional journals are not compensable. When a specific rule or statute allows for assessment of fees, work unrelated to proving relief under the statute is not compensable. *Faust v. Menard, Inc.,* 2014 U.S. Dist. Lexis 40587 S.D. Ind. March 26, 2014) at 3-4 (when fees are awarded as allowed by statute for an improper removal to federal court, fees unrelated to the defense of the removal were not compensable). Here, Defendant prevailed under one section of one section of the Federal Rules (Fed. R. Civ. Pro. 37 (e )(2)). Only attorney fees spent proving a right to relief under that section are compensable. Attorneys fees expended for other reasons are not compensable.

Even if the Court finds some of the claims to be related to Contention #4 and thus compensable, Defendant also did not obtain most of the relief it was requesting even as to the missing Gmail Account. Defendant sought the complaint be dismissed in its entirety or that the jury be given an adverse inference as to the deactivated Gmail Account and the lost journals. Defendant failed to obtain any of that relief. Defendant obtained the ability to tell the jury about the deactivated Gmail account without any instruction as to what that would mean.

Even when a party is entitled to fees for successful, related claims, the Court has a further duty to determine the degree of success on successful claims in awarding an attorney fee award. *Farrar v. Hobby*, 506 U.S. 103, 114-116 (1992); *Bryant v. City of Chicago,* 200 F.3d 1092, 1101-1102(7th Cir. 2000). To quote the Seventh Circuit, *Id.*: When a District Court awards full requested amounts of requested attorneys fees for limited success, this is an abuse of discretion justifying

reversal of the attorney fee award. *Farrar v. Hobby*, 506 U.S. 103, 114-116 (1992). To quote the Seventh Circuit in *Bryant v. City of Chicago,* 200 F.3d 1092, 1101-1102(7th Cir. 2000):

> In *Hensley v. Eckerhart, 461 U.S. 424, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)*, the Supreme Court set out guidelines for calculating the proper amount of an attorney's fee award in cases where the plaintiff only partially prevails on his claims. The Court divided these partial recovery cases into two categories. The first category involves cases where the plaintiff presents distinctly different claims for relief that are based on different facts and legal theories. A plaintiff may not recover attorney's fees for time expended on an unsuccessful claim if that claim is "distinct in all respects from his successful claims." *Id. at 440, 103 S. Ct. at 1943*. Unrelated claims must be treated "as if they had been raised in separate lawsuits." *Id. at 435, 103 S. Ct. at 1940*.
>
> The second category of partial recovery cases, into which this action does fall, includes those cases in which the plaintiff's claims for relief involve a common core of facts or are based on related legal theories. Because the majority of counsel's time will be devoted to the litigation as a whole, as opposed to any one specific claim, this type of lawsuit cannot be viewed as a series of discrete claims. As a result, time spent on related claims that ultimately prove unsuccessful should not be automatically excluded from the attorney's fee calculation. Instead, the focus in arriving at the appropriate fee award should be on "the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Hensley, 461 U.S. at 435, 103 S. Ct. at 1940*.
>
> Where the plaintiff fails to obtain all that he reasonably could have asked for and achieves only partial or limited success, the lodestar amount--the product of the number of attorney's hours reasonably expended on the litigation as a whole times a reasonable hourly rate--is likely to be excessive. The Supreme Court therefore provided: "A reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." *Hensley, 461 U.S. at 440, 103 S. Ct. at 1943*.

## III. <u>Legal Basis for Calculating the Lodestar Issue Not Addressed Above</u>

In determining fees and costs for the lodestar, fees and costs are not compensable for every aspect of a discovery dispute which led to the Rule 37 motion. *Pable v. Chicago Transit Authority* 2023 U.S. Dist. Lexis 165846 at 16-17 (N.D. Ill. August 16, 2023). Review of requests to produce are unrelated to the motion for sanctions and would have had to have been undertaken anyway.

*Pable v. Chicago Transit Authority* 2023 U.S. Dist. Lexis 165846 at 16-17 (N.D. Ill. August 16, 2023). As such, that time must be excluded. *Id.*

In determining the lodestar, the Court must determine the reasonable amount of total hours expended. "Only time that was "reasonably expended" should be compensated, meaning that a party seeking fees "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary. . . In determining the reasonableness of the total time spent on a matter, courts consider, among other factors, the length of the filings, the complexity of the issues, and the amount of legal authority cited in the filings." *Davis v. Lakeside Motor Co.,* 2014 U.S. Dist. Lexis 92091 (N.D. Ind. July 7, 2014) at 4-5. To quote the district court in *United Consumers Club, Inc. v. Prime Time Mktg. Mgmt.,*2011 U.S. Dist. Lexis 39566 at 4-5 (N.D. Ind. April 12, 2011).

> The court also must determine whether the time allotted to the given task is reasonable under the circumstances. *Accurate Mechanical, 863 F.Supp. at 834*. The court will consider the length of the motion or memorandum, the complexity of the case, and the amount of authority the document refers to when assessing the reasonableness of the time allotted to the activities. *Maxwell v. South Bend Work Release, 2010 U.S. Dist. LEXIS 114462, at *13-14 (N.D. Ind. Oct. 25, 2010)*; *Arrington v. La Rabida Children's Hosp., 2007 U.S. Dist. LEXIS 31127, 2007 WL 1238998, at *3 (N.D. Ill. Apr. 25, 2007)* (reducing requested time when brief in sup- port of motion did not cite any case law); *Mattenson v. Baxter Healthcare Corp., 2003 U.S. Dist. LEXIS 17983, 2003 WL 22317677, at *1 (N.D. Ill. Oct. 9, 2003)* (finding that two hours was a reasonable length of time to complete a three page motion). Duplicate and excessive time cannot be recovered, and the court will carefully scrutinize a fee petition for such. *Bowerman, 2000 U.S. Dist. LEXIS 21616 at *3*."

For Rule 37 motions on noncomplex legal matters, courts generally award between .8 and 1.5 hours per page for drafting. *Mattenson v. Baxter Healthcare Corp., 2003 U.S. Dist. LEXIS 17983, 2003 WL 22317677, at *1 (N.D. Ill. Oct. 9, 2003)*.

Spoliation of evidence is typically not considered a complex legal matter. B*racey v. Grondin*, 712 F.3d 1012 (7th Cir. 2013); *MiIlbrook v. United States*, 564 Fed. Appx. 855 (7th Cir. 2014). The Seventh Circuit has repeatedly held that district courts need not appoint separate counsel for prisoners regarding spoliation claims because such matters do not require analysis and presentation of complex legal issues. *Id.* B*racey v. Grondin*, 712 F.3d 1012, 1017 (7th Cir. 2013); *MiIlbrook v. United States*, 564 Fed. Appx. 855, 858 (7th Cir. 2014). If prisoners with no formal legal training can prosecute spoliation claims, there is no basis for a finding of complexity regarding Defendant's motion and reply.

Moreover, there are no factual issues in this case which makes the motion complex to work on. This is not a case like *Pable v. Chicago Transit Authority* 2023 U.S. Dist. Lexis 165846 (N.D. Ill. August 16, 2023) where there were three complex ESI issues related to implanting skeleton keys in systems to destroy ESI and complex issues like whether computer systems were fully cloned over long time periods. In *Pable,* the moving party needed to file an oversized brief to make all of its arguments. In this case, there were a few simple factual issues. Specifically, the issues were: (1) whether a Gmail Account was deactivated through Plaintiff's negligence; (2) whether physical emotional journals were destroyed intentionally to deprive Defendant from using them in the litigation; and (3) whether Plaintiff destroyed the contents of a Gmail Account intentionally to deprive Defendant from using said contents in the litigation. The cited exhibits consisted of the requested discovery, a few e-mail chains; and a few pages of deposition testimony. There was no evidentiary hearing or evidentiary record to review and summarize.

Experienced attorneys should be able to complete work more quickly than inexperienced attorneys. *Winfield v. Murcia,* 1982 U.S. Dist. Lexis 16476 at 20-21 (N.D. Ind. December 7, 1982); *Uphoff v. Elegant Bath,* 1998 U.S. Dist. Lexis 991 at 10 (N.D. Ill. January 22, 1998). Similarly,

routine matters should require minimal billing. *Uphoff, supra.* The amount of time that opposing counsel spends on the matter is likewise relevant to determining reasonableness of fees. *Bufone v. Rosebud Restaurants*, 2007 U.S. Dist. Lexis 118349, ftnte 2 (N.D. Ill. January 26, 2007). A voluntary billing arrangement between a defense counsel and its client does not allow a party to be grossly inefficient in billing. *Id.* When reviewing an attorney fee award on a motion, a court should disallow fees for endless drafting and redrafting by multiple attorneys. *Uphoff v. Elegant Bath,* 1998 U.S. Dist. Lexis 991 at 7-8 (N.D. Ill. January 22, 1998). A judge may use his or her experience to determine reasonableness of hours spent on a given task. *Chrapliway v. Uniroyal Task, Inc.* 670 F.2d 760, 765 (7th Cir. 1982).

## IV. Plaintiff's Objections to Specific Time Entries for Inclusion in Total Lodestar Hours as listed in Defendant Exhibit B

Plaintiff makes the following specific objections to time which Defendant requests be included in the lodestar calculation. Plaintiff's references to billing entries refers to the time entries in Exhibit B (Docket 115-2). When Plaintiff refers to a page number below, Plaintiff is referring to the page number of Docket 115-2 on the top of the filed document (i.e. pp. 1-87).

### A. Plaintiff objects to the following entries as unrelated to the motion for sanctions or actions would have had to have been undertaken anyway.

1) Plaintiff objects to time entries for review of requests to produce on 9/11/2025, 9/12/2025, and 9/15/2025 of requests for production For 1.7 hours of time (pg 7 of Dckt 115-2). Plaintiff also objects to these reviews because Defendant knew that the Gmail account was not accessible in September, 2025 due to multiple discussions with opposing counsel. Thus, record requests would be completely unnecessary to the missing Gmail issue. Such reviews would only be related to the unrelated, unsuccessful claim for spoliation of emotional journals which cannot be included.

2) Plaintiff objects to the entries related to the preparation of an internal memorandum analyzing the ability of Defendant to seek sanctions as excessive and unnecessary and not related to the preparation of the motion for sanctions on 9/15/2025 and 9/18/2025, 9/19/2025, 9/20/2025, 9/21/2025 and 9/22/2025 for 12.8 hours (pgs. 8-11 of Defendant Ex. B, Dckt 115-2).

**B. Plaintiff Objects to Time Spent on the Initial Motion for Sanctions, Motion to File Under Seal, and Reply as Excessive and Containing Noncompensable Work**

3) Plaintiff objects to time spent drafting and revising the initial motion for sanctions and memorandum in support thereof as excessive and containing duplicative time. Defendant billed: 2 hours for an outline of the draft of the motion on 10/08/2025 (pg 24); 1.3 hours for background section of the motion on 10/8/2025 (pg. 24); 6.3 hours on 10/9/2025 (pg. 24); .9 hours on 10/11/2025 (pg. 25); 1.6 hours on 10/12/2025 (pg. 25); 4.9 hours on 10/13/2025 (pg. 25); 1 hour for drafting on 10/27/2025 (pg. 27); 4.8 hours on 10/28/2025 (pg. 27); 1.3 hours on 10/29/2025 (pg. 27); 2.3 hours on 11/10/2025 (pg. 34); 4.3 hours on 11/11/2025 (pg. 34); 1.8 hours on 11/12/2025 (pg. 34); 4.3 hours on 11/17/2025 (pg. 35); 1.8 hours on 11/18/2205 (pg 35); 1 hour on 11/24/2025 (pg. 36);1.6 hours on 11/25/2025 (pg. 37); 1.1 hours on 12/10/2025 (pg. 45);; 2.2 hours on 12.23.2025 (pg. 46); 6.7 hours on 12/29/2025 (pg. 46); .6 hours on 12/20/2025 (pg. 46); 4.7 hours on 1/05/2026 (pg. 52); 4.8 hours on January 6, 2026 (pg. 52) ; 4.7 hours on January 7, 2026 (pg. 52-53); 2.9 hours on January 8, 2026 (p. 53); .4 hours on January 9, 2026 (pg. 54); 3.5 hours on January 14, 2026 (pg. 54);4.3 hours on January 15, 2026 (pg. 55); 3.5 hours hours on January 16, 2026 (pg. 55); .7 hours on January 17, 2026 (pg. 56); 3.2 hours on January 19, 2026 (pg. 56);.7 hours on January 20, 2026 (pg. 56); 2.2 hours on January 21, 2026 (pg. 57); 4.5 hours on January 22, 2026; 3.1 hours on January 23, 2026.

Defendant spent a further 11.7 hours on research broken down as follows: September 11, 2025, .7 hours (pg. 7); September 15, 2025, 1.8 hours (pg. 7); September 18, 2025- 2.3 hours (pg.

9); September 19, 2025- 2.1 hours (pg. 10); September 20, 2025- 1.3 hours (pg. 11); September 22, 2025- .6 hours (pg. 11); September 23, 2025-1.2 hours (pg. 12) ; 1.7 hours on January 15, 2026 (pg. 55);

Defendant also billed 10.9 hours on analysis and miscellaneous review apart from the drafting of the motion: September 12, 2025, .4 hours (pg. 7); September 15, 2025 .5 hours (pg. 7); September 18, 2025-.7 hours (pg. 9); September 19, 2025- .4 hours (pg. 10); .5 hours on 12/11/2025 (pg 45); .8 hours on December 22, 2025 (pg. 45); 3.0 hours on January 5, 2026; .8 hours on January 6, 2026 (pg. 52); 1 hour on January 7, 2026 (pg 53); .2 hours on January 12, 2026 (pg. 54); 2.6 hours on January 16, 2026 (pg. 55);

Defendant's total hours for drafting and revising the initial motion for sanctions and initial memorandum in support of the motion for sanctions was in excess of 110 hours to complete a one six page motion for sanctions (not including the signature page and certificate of service); and one 15 page memorandum in support of the motion (not including title page, signature page, and certificate of service). The motion made the same points as the memorandum. This does not include time spent on the internal memorandum which was objected to above.

Defendant used three attorneys and one paralegal to complete this work all of whom bill at a higher rate than Plaintiff's one attorney. This is duplicative and excessive billing. There is no showing that the three attorneys added unique contributions to the motion. Plaintiff spent less than 30 hours on the entire response to said motion (including research and drafting) which resulted in 75% of the motion being denied (See redacted bill attached as Exhibit A). All of Defendant's attorneys charge a higher rate than Plaintiff's attorney and all should therefore be more efficient than Plaintiff's attorney. Plaintiff requests the Court award .8 hours per page for the motion and 2.0 hours per page for the memorandum for 34.8 hours in total for drafting the motion and

accompanying memorandum along with the 10 hours for research. This is an amount of time in line with the cases cited in *Davis v. Lakeshore Motor Co.* and *United Consumers Club, Inc. v. Prime Time Marketing Management, Inc.* The number of revisions and rewrites to the motion and memorandum are not reasonable. *Uphoff v. Elegant Bath,* 1998 U.S. Dist. Lexis 991 at 7-8 (N.D. Ill. January 22, 1998).

4) Plaintiff objects to inclusion of the September 18, 2025 research entry by N. Fisher as relating to unsuccessful, unrelated claims (2.3 hours). Plaintiff objects to the September 20, 2025, research time entry being included in the lodestar due to being part of research for an unsuccessful, unrelated claim (1.3 hours); Plaintiff objects to a drafting entry on 10/12/2025 as related to an unsuccessful, unrelated claim (1.6 hours); Plaintiff objects to a drafting entry on 10/13/2025 as related to an unsuccessful, unrelated claim (2.7 hours);

5) Plaintiff objects to using an attorney to compile exhibits for the motion and memorandum on 10/28/2025 as excessive for a paralegal task for 1.4 hours (pg. 27) and on 10/29/2025 for .9 hours (pg. 27); 1.1 hours on 1/6/2026;

6) Plaintiff objects to the time spent on filing motions under seal. The parties have been filing documents under seal in this case (including the depositions which were part of the exhibit) for months on end. Preparing a motion to file exhibits under seal should be a routine matter as should be analyzing documents which should be filed under seal. Defendant billed the following amounts for preparing a motion to file exhibits under seal: 1.5 hours on January 8, 2026 (pg. 53); 1.4 hours on January 21, 2026 (pg. 57); 1.2 hours on January 23, 2026 (pg. 57). In total, Defendant billed 4.1 hours on a routine motion. Plaintiff requests this be reduced to 1.5 hours of billable time for preparing a routine motion.

7) Plaintiff objects to the time spent on the reply in support of the motion for sanctions as duplicative, excessive and unnecessary. Defendant spent 50.6 total hours on one 10 page reply.

For drafting and revisions alone, Defendant spent 36.8 hours drafting a 10 page reply in the following entries: .6 hours on February 18, 2026 (pg. 65); 4.4 hours on February 23, 2026 (pg. 67); 2.8 hours on February 24, 2026 (pg. 68); 9.4 hours on February 25, 2026 (pg. 68-69); 12 hours on February 26, 2026 (pg. 69);3.4 hours on February 27, 2026 (pg. 69-70); 1.3 hours on March 2, 2026 (pg. 76); and 2.9 hours on March 3, 2026 (pg. 76-77).

For review and analysis, Defendant spent an additional 10.6 hours broken down as follows: 5.7 hours on February 18, 2026 (pg. 65-66); 1.4 hours on February 19, 2026 (pg. 66);3.3 hours on February 23, 2026 (pg. 67); .2 hours on February 26, 2026 (pg. 69);

Defendant spent a total of 3.2 hours of research on reply broken down as follows: 1.5 hours on February 19, 2026 (pg. 66); .5 hours on February 22, 2026 (pg. 67); 1.2 hours on February 23, 2026 (pg. 67);

This means Defendant spent 50.6 hours on one 10 page reply (more than 5 hours per page). Plaintiff requests Defendant be awarded at most 1.5 hours per page, or 15 hours in total to complete the reply. Plaintiff objects to the reply for the same reasons as the initial brief (set forth above).

8) Plaintiff objects to the e-mail to Defendant's client on February 19, 2026 (.5 hours) as not related to preparation of the reply to the motion for sanctions (pg. 66).

9) Plaintiff further objects to the time spent drafting the sections of the motion and memorandum and reply which do not divide out time spent on the related and unrelated claims. Plaintiff objects to all time records for drafting, analysis, and research which do not specifically refer solely to Rule 37(e )(2) or negligent failure to preserve the Gmail account. Plaintiff requests

the Court strike all entries which do not refer solely to negligent failure to preserve the Gmail Account or solely to Rule 37(e) (2) as is allowed by *Montanez v. Simon,* 755 F.3d 547, 553(7th Cir. 2014). This is all of the research and drafting time for the motion and memorandum and reply.

V. **Objections apart from the Lodestar Calculation.**

If the Court refuses to strike time in its entirety which cannot be disentangled between related and unrelated claims (which is most of the time billed), Plaintiff requests a 75% reduction in the fee award or summary denial of fees. Since 75% of the motion and memorandum sought relief for unrelated claims, the Court should reduce Defendant's petitioned for amounts by 75%. This is especially true because, even if the Court finds some of the claims related, Defendant achieved very limited relief compared to what Defendant was requesting. Defendant requested dismissal of the complaint or an adverse inference jury instruction and received neither.

In light of the entanglement of related and unrelated claims and lack of success, Plaintiff requests the award be 25% of the lodestar calculation as that is the proportion of the motion which was successful (a 75% reduction in the lodestar amount). *World Outreach Conference Center of Chicago v. City of Chicago*, 896 F.3d 779, 782-784 (7th Cir. 2018). In *World Outreach Conference Center of Chicago,* the district court reduced a party's fee request by 70% across the board for spending too many hours and not obtaining an impressive victory compared to what was sought. Moreover, for a request completely out of proportion to a reasonable fee request, the Court is empowered to summarily deny all fees to Defendant. *Brown v. Stackler,* 612 F.2d 1057, 1059 (7th Cir. 1980). Plaintiff thus requests a reduction of 75% of the lodestar calculation as allowed or required by *Mary Beth G. v. City of Chicago*, 723 F.2d 1263, 1279-1280 (7th Cir. 1983) *Bryant v. Bryant v. City of Chicago,* 200 F.3d 1092, 1101-1102(7th Cir. 2000) *and World Outreach Conference Center v. City of Chicago, supra.*

In *Pable v. Chicago Transit Authority,* 2023 U.S. Dist. Lexis 165846 (N.D. Ill. August 16, 2023), the District Court awarded $63, 867.50 in attorneys fees for a Rule 37 Motion where the Defendant prevailed on three complicated ESI issues and achieved dismissal of the case due to intentional spoliation. *Id.* at 28-30. The Court noted this was at the outside of what could be awarded in light of a complete victory on the motion resulting in dismissal of the case as a sanction. *Id.* Here, Defendant is seeking in excess of that amount on a sanctions motion where the issues were simple; 75% of the claims in the motion were denied; and Defendant obtained significantly less than a dismissal of the case. Defendant didn't even obtain an adverse instruction to the jury. Any award should thus be reduced greatly from the lodestar calculation.

## VI. Conclusion

For the factual and legal reasons in this response and objections, Plaintiff respectfully prays that the Court uphold the specific objections to the lodestar amount; adopt Plaintiff's suggested time; reduce the award by 75% to allow for unsuccessful claims or deny the award completely.

Respectfully Submitted,

By: ________/S Joseph P. Selbka______________

One of Plaintiff's Attorneys

Joseph P. Selbka
MACDONALD, LEE, & SENECHALLE, LTD.
2300 Barrington Road, Suite 220
Hoffman Estates, Illinois 60169-2034
Attorney No.: 06238063
pleadings@pmllegal.com
(847) 310-0025

MacDonald, Lee & Senechalle, Ltd.

*CELEBRATING 55 YEARS OF EXTRAORDINARY SERVICE*

Attorneys At Law
2300 Barrington Road, Suite 220
Hoffman Estates, IL 60169
847-310-0025
FEIN 36-3798095

Robert Hight
200 Hillside Cottage Lane, Apt. 223
Nashville, TN 37207

October 5, 2026

In Reference To: University of Chicago Pritzker School of Medicine

Professional Services

| | | Hours | Amount |
|---|---|---|---|
| January 2026 | | | |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |

| | | | Hours | Amount |
|---|---|---|---|---|
| [redacted] | | [redacted] | [redacted] | [redacted] |
| [redacted] | | [redacted] | [redacted] | [redacted] |
| | [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | | [redacted] | [redacted] | [redacted] |
| [redacted] | | [redacted] | [redacted] | [redacted] |
| [redacted] | | [redacted] | [redacted] | [redacted] |
| | [redacted] | [redacted] | [redacted] | [redacted] |
| | [redacted] | | [redacted] | [redacted] |
| | February 2026 | | | |
| [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| 2/4/2026 | JS | Beginning research on response to motion for sanctions. | 0.90 | 360.00 |
| 2/5/2026 | JS | Research regarding responding to motion for sanctions on ESI. | 3.80 | 1,520.00 |
| 2/6/2026 | JS | Worked on response to motion for sanctions. | 1.80 | 720.00 |
| 2/10/2026 | JS | Research regarding sanctions for spoliation of evidence. | 2.30 | 920.00 |
| [redacted] | | [redacted] | [redacted] | [redacted] |
| | [redacted] | [redacted] | [redacted] | [redacted] |
| | [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | | [redacted] | [redacted] | [redacted] |
| | [redacted] | [redacted] | [redacted] | [redacted] |
| | [redacted] | [redacted] | [redacted] | [redacted] |

| | | Hours | Amount |
|---|---|---|---|
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| 2/13/2026 JS | Worked on response - motion for sanctions. | 1.60 | 640.00 |
| 2/15/2026 JS | Worked on response to motion for sanctions including research and analysis. | 3.90 | 1,560.00 |
| 2/16/2026 JS | Worked on response to motion for sanctions including research and analysis. | 4.80 | 1,920.00 |
| [redacted] | [redacted] | [redacted] | [redacted] |
| JS | Worked on and filed response for motion to sanctions. | 8.50 | 3,400.00 |
| JS | Worked on sworn statements in support of response for motion for sanctions. | 1.30 | 520.00 |
| [redacted] | [redacted] | [redacted] | [redacted] |
| JS | Worked on motion for leave to file response to motion for sanctions instanter. | 0.50 | 200.00 |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |

| | | Hours | Amount |
|---|---|---|---|
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | | [redacted] | [redacted] |

March 2026

| | | Hours | Amount |
|---|---|---|---|
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted]0.00 |

| | | Hours | Amount |
|---|---|---|---|
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |

| | | Hours | Amount |
|---|---|---|---|
| | [redacted] | | |
| [redacted] | | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |

| | | Hours | Amount |
|---|---|---|---|
| | [redacted] | [redacted] | [redacted] |
| | April 2026 | | |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |

| | | Hours | Amount |
|---|---|---|---|
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |

| | | Hours | Amount |
|---|---|---|---|
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |

| | | Hours | Amount |
|---|---|---|---|
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | | [redacted] | [redacted] |

May 2026

| | | | |
|---|---|---|---|
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |

| | | Hours | Amount |
|---|---|---|---|
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| | [redacted] | [redacted] | [redacted] |
| | June 2026 | | |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| | [redacted] | [redacted] | [redacted] |

| | | Hours | Amount |
|---|---|---|---|
| July 2026 | | | |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| August 2026 | | | |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |

| | | Hours | Amount |
|---|---|---|---|
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |

| | | Hours | Amount |
|---|---|---|---|
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |

September 2026

| | | Hours | Amount |
|---|---|---|---|
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |

| | | Hours | Amount |
|---|---|---|---|
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |
| | [redacted] | [redacted] | [redacted] |
| | [redacted] | [redacted] | [redacted] |
| | [redacted] | | |

February 2026

| | | |
|---|---|---|
| [redacted] | | [redacted] |
| [redacted] | | [redacted] |
| | [redacted] | [redacted] |

March 2026

| | | |
|---|---|---|
| [redacted] | | [redacted] |
| | [redacted] | [redacted] |

| | Amount |
| --- | --- |
| April 2026 | |
| [redacted] | [redacted] |
| [redacted] | [redacted] |
| [redacted] | [redacted] [redacted] |
| June 2026 | |
| [redacted] | [redacted] |
| [redacted] | [redacted] |
| [redacted] | [redacted] [redacted] |
| September 2026 | |
| [redacted] | [redacted] |
| [redacted] | [redacted] |
| [redacted] | [redacted] |
| [redacted] | [redacted] |
| [redacted] | [redacted] |
| [redacted] | [redacted] [redacted] |

[redacted]

[redacted]