IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT HIGHT, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>THE UNIVERSITY OF CHICAGO, an Illinois Not for Profit Corporation,<br><br>Defendant. | Case No.: 24-cv-02525<br><br>Honorable Lindsay C. Jenkins<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S RULE 56.1(a)(3) STATEMENT OF UNDISPUTED MATERIAL FACTS**

NOW COMES, Plaintiff Robert Hight ("Plaintiff"), by and through his attorneys, MacDonald, Lee & Senechalle, Ltd., in its Rule 56.1(a)(3) Statement of Undisputed Material Facts as to which there is no genuine dispute and that entitle Plaintiff to judgment as a matter of law on Counts I and III of the Second Amended Complaint.

**Parties, Jurisdiction, and Venue**

1. Defendant is a university located in Chicago, Illinois, that operates a medical school. (Ex. A, Second Am. Compl. ¶ 3; Ex. B, Am. Answer to Second Am. Compl. ¶ 3).
2. Defendant's medical school operates a program through which Defendant awards a medical doctor degree (the "Program"). (Ex. A, Second Am. Compl. ¶¶ 2, 6; Ex. B, Am. Answer to Second Am. Compl. ¶¶ 2, 6).
3. Plaintiff was accepted into the Program in August 2018. (Ex. A, Second Am. Compl. ¶ 6; Ex. B, Am. Answer to Second Am. Compl. ¶ 6).

4. Plaintiff was a fourth-year medical student in the Program before his dismissal. (Ex. A, Second Am. Compl. ¶ 6; Ex. B, Am. Answer to Second Am. Compl. ¶ 6).

5. In or about September 2023, Defendant dismissed Plaintiff from the Program. (Ex. A, Second Am. Compl. ¶ 36; Ex. B, Am. Answer to Second Am. Compl. ¶ 36).

**Plaintiff's Disabilities and Accommodations**

6. Plaintiff has been diagnosed and has Attention Deficit Hyperactivity Disorder ("ADHD"). (Ex. C, Hight Dep. at 22–24; Ex. 3, Ans. to Interrog. No. 5; Ex. E, Medical Records of Robert Hight at UHealth 21).

7. Plaintiff received testing accommodations after enrolling in the Program. (Ex. F, Dorsey Dep. at 37; Ex. 103 at 15).

8. Plaintiff also has physical and mental impairments including sickle cell anemia, gallstones, hypertension, inflammatory arthritis, anxiety, and bipolar disorder. (Ex. C, Hight Dep. at 22–24 & Ex. 3, Ans. to Interrog. No. 5; Ex. G, Anderson Dep. at 29; Ex. F, Dorsey Dep. at 24–26, 37 & Ex. 103 at 15; Ex. E, Medical Records of Robert Hight at UHealth 21).

9. These conditions affected Plaintiff's ability to concentrate, sleep, study, and walk. (Ex. C, Hight Dep. at 45; Ex. D, Hight Sworn Statement ¶ 4).

10. In July 2021, Plaintiff requested a leave of absence as an accommodation. (Ex. C, Hight Dep. at 126; Hight Dep. Ex. 24). Defendant granted Plaintiff's request for a leave of absence. (Ex. G, Anderson Dep. at 29; Ex. F, Dorsey Dep. at 24–26, 37; Dorsey Ex. 103 at 15.)

11. Plaintiff took a leave of absence from August 2021 until January 2022. (Ex. C, Hight Dep. at 126; Ex. F, Dorsey Dep. at 21).

**Plaintiff's Academic Performance and Professionalism**

12. Before Plaintiff's leave of absence, Plaintiff received lower academic grades than he received after returning from the leave. (Ex. F, Chelsea. Dorsey Dep. pp. 15-27).

13. Plaintiff passed all of his lecture classes. (Ex. F, Chelsea Dorsey Dep. pp. 16-17). Plaintiff failed one shelf examination on his first attempt during his pediatrics rotation but passed the clerkship. Plaintiff failed his ob-gyn clerkship on the first try (Ex. F, Chelsea Dorsey Dep. pg. 20).

14. Defendant placed Plaintiff on academic probation in August 2021. (Ex. F, Dorsey Dep. at 23). After his leave of absence in 2021-2022, Plaintiff's academic performance improved (Ex. F, Chelsea. Dorsey Dep. pg. 22-23). After returning from his leave of absence, Plaintiff improved considerably (Ex. F, Chelsea Dorsey Dep. pg. 26-27). After Plaintiff returned from his leave of absence, the Committee on Academic Promotions ("CAP") removed Plaintiff from academic probation and place him on monitored academic status. (Ex. F, Dorsey Dep. at 26–30).

15. Before his leave of absence, Plaintiff received a professionalism concern report concerning chronic lateness, absenteeism, and issues concerning responsibility for unexcused absences (the "2020 PCR"). (Ex. C, Hight Dep. at 89–90; Hight Dep. Ex. 12). Plaintiff's issues set forth in the 2020 PCR improved after he returned from his leave of absence (Ex. F, Chelsea Dorsey Dep. pg. 64).

**The April 30, 2023, Incident**

16. On April 30, 2023, Plaintiff experienced a reaction to Zolpidem. (Ex. H, Augsten Dep. pp. 50-52). The medication reaction lowered Plaintiff's inhibitions and affected his judgment and memory. (Ex. H, Augsten Dep. at 50-52, 73-75, 87-94).

17. On April 30, 2023, Plaintiff impersonated another doctor and sent an email challenging an instructor's teaching methods. (Ex. F, Dorsey Dep., Ex. 103 at 14). As a result of the email, Dr. Carrie Smith issued a professionalism concern report concerning Plaintiff in July 2023 (the "2023 PCR"). (Exhibit F, Chelsea Dorsey Dep. Ex. 103, pg 16, Exhibit C, Hight Dep. 226-227, Hight Dep. Ex. 43). At the time Plaintiff created and sent the April 30, 2023, email, Plaintiff exhibited hypomanic symptoms involving impaired judgment and impulse control, and zolpidem amplified Plaintiff's disinhibition. (Augsten Dep. pp. 50–52, 73, 87–90, 92–93).
18. CAP relied on the April 30, 2023, incident and the resulting 2023 PCR in recommending Plaintiff's dismissal. (Ex. F, Chelsea Dorsey De. Pg. 39. 44)
19. Following the 2023 PCR, CAP considered Plaintiff's dismissal from the program and in September 2023, CAP recommended that Plaintiff be dismissed from the Program. (Ex. F, Dorsey Dep. at 41; Ex. F, Dorsey Dep., Ex. 103).
20. CAP identified four bases for its recommendation: (1) a pattern of unprofessional conduct during Plaintiff's time in the Program; (2) consistently low academic performance; (3) unprofessional conduct while Plaintiff was on monitored academic status; and (4) the 2023 PCR. (Ex. F, Dorsey Dep. at 41; Ex. F, Dorsey Dep., Ex. 103).
21. In identifying a pattern of unprofessional conduct, CAP relied on the April 30, 2023, email, the 2020 PCR, Plaintiff's challenges to his evaluations, concerns that Plaintiff did not accept feedback well during two rotations, and mistreatment reports and complaints file by Plaintiff. (Ex, F, Chelsea Dorsey Dep. pp 52-53; Dorsey Ex. 103, pg. 15-18; Exhibit G, Mark Anderson Dep pp.18-20; Ex. I, Vineet Arora Dep. pp. 86-89; Ex. J, James Woodruff Dep. pp. 62-66).

22. CAP also treated an authorship issue concerning an abstract as a professionalism issue. (Ex. F, Chelsea Dorsey Dep, Dorsey Ex. 103, pp. 15-18). Dr. Barbosa supervised Plaintiff in connection with the abstract issue and did not file a professionalism concern report concerning the abstract issue and did not intend the abstract issue to serve as a basis for Plaintiff's dismissal. (Ex. K, Barbosa Dep. pp.16-17, 20, 21).

**Plaintiff's Appeal to the Academic Appeals Committee**

23. Plaintiff appealed CAP's dismissal recommendation to Defendant's Academic Appeals Committee ("AAC") where Plaintiff first presented his contention that he suffered a medication reaction when he sent the April 30, 2023, email. (Ex. C, Robert Hight Dep. pp. 181-182, 188).

24. During its deliberations, the AAC acknowledged that a medication reaction was possible but did not determine whether the claimed medication reaction affected Plaintiff's judgment or ability to control his inhibitions and did not make a definitive determination as to whether Plaintiff experienced a medication reaction. (Ex. I, Vineet Arora Dep. pp. 50-52, 126-31).

25. The AAC submitted its recommendation to Dean Mark Anderson, who possessed final decision-making authority concerning Plaintiff's dismissal. (Ex. I, Arora Dep. at 126–31).

26. Dean Anderson affirmed CAP's recommendation that Plaintiff be dismissed and based his decision on CAP's findings and reasonings. (Ex. G, Mark Anderson Dep. pp. 17-18).

27. Dean Anderson testified that evaluating Plaintiff's professionalism concerning the April 30, 2023, email required determining the extent of Plaintiff's responsibility in the light of the claimed medication reaction. (Ex. G, Mark Anderson Dep. pg. 35-42). Dr. Jeanne Farnan who testified as to procedures for assessment noted that culpability was an

important component in determining a professionalism violation. Exhibit I, Farnan Dep. pg. 23).

28. No decision maker for Defendant determined Plaintiff's responsibility for the April 30, 2023, email in light of the claimed medication reaction before Plaintiff was dismissed. (Ex. G, Mark Anderson Dep. pg. 35-42).

**Defendant's Academic Standards**

29. Dr. Jeanne Farnan testified as Defendant's corporate representative regarding Defendant's evaluation procedures and academic guidelines. Defendant uses a criterion-based model to grade academic performance under which students are evaluated for competency rather than compared with their peers. (Ex. L, Farnan Dep. at 11–12).

30. Under Defendant's criterion-based grading model, a student who passes his classes demonstrates competency. (Ex. L, Farnan Dep. at 27). Students are permitted to take shelf examinations twice in clinical courses and may retake a clinical course once to obtain a passing grade. (Ex. L, Farnan Dep. at 30–32).

**Defendant's Professionalism Standards**

31. Dr. Farnan testified that professionalism is evaluated through grades in professionalism courses and the professionalism concern report process. (Ex. L, Farnan Dep. at 51–53). Defendant's professionalism rules and guidelines are enforced through the professionalism concern report process. (Ex. L, Farnan Dep. at 40–41, 52–53).

32. Defendant's policies allow students to challenge evaluations and seek feedback. (Ex. J, Woodruff Dep. at 50, 56). Seeking feedback concerning an evaluation is not, by itself, a professionalism issue under Defendant's policies. (Ex. L, Farnan Dep. at 20).

33. Filing a grievance through Defendant's grievance procedures is not, by itself, a professionalism concern. (Ex. L, Farnan Dep. at 21.)

34. Defendant has an anti-retaliation policy prohibiting retaliation for filing complaints or challenging evaluations. (Ex. J, Woodruff Dep. at 67.)

35. In assessing Plaintiff's professionalism, Defendant considered Plaintiff's efforts to seek feedback concerning evaluations, attempts to have evaluations changed, and complaints filed by Plaintiff. (Ex. J, Woodruff Dep. at 47–49, 64, 67.)

36. Defendant maintains a nondiscrimination policy prohibiting discrimination on the basis of disability. (Ex. L, Farnan dep. Dep. Ex. 101, pg. 44.)

37. Plaintiff intends to reenroll in Defendant's Program if his dismissal is overturned. (Ex. D, Hight Sworn Statement ¶ 20, 21).

WHEREFORE, Plaintiff, Robert Hight, respectfully requests that this Court grant its Motion for Summary Judgment against Defendant, University of Chicago, on Counts I and III of its Second Amended Complaint, and any other relief the court deems appropriate.

Respectfully Submitted,
By:/S Joseph P. Selbka
One of Plaintiff's Attorneys

Joseph P. Selbka
MACDONALD, LEE & SENECHALLE, LTD
2300 Barrington Road, Suite 220
Hoffman Estates, Illinois 60169-2034
Attorney No.: 06238063
pleadings@pmllegal.com
(847) 310-0025

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT HIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 24-cv-02525 |
| | ) | |
| v. | ) | Honorable Lindsay C. Jenkins |
| | ) | |
| UNIVERSITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF ROBERT HIGHT'S**
**MOTION FOR SUMMARY JUDGMENT**
**TABLE OF EXHIBITS**

**EXHIBIT A – PLAINTIFF SECOND AMENDED COMPLAINT**
FILED ON NOVEMBER 8, 2024…………………………...……....A00000-A00000
**EXHIBIT B – DEFENDANT AMENDED ANSWER TO SECOND AMENDED COMPLAINT**
FILED ON MAY 12, 2025..........................................................................A00000-A00000
**Exhibits C-L Filed Under Seal**
**EXHIBIT C – DEPOSITION OF ROBERT HIGHT**
TAKEN ON MAY 27-MAY 28, 2025......................................................A00000-A00000
**EXHIBIT D – SWORN STATEMENT OF ROBERT HIGHT**
FILED ON FEBRUARY 18, 2026.............................................................A00000-A00000
**EXHIBIT E – MEDICAL RECORDS OF ROBERT HIGHT**……….A00000-A00000
**EXHIBIT F – DEPOSITION OF CHELSEA DORSEY**
TAKEN ON AUGUST 21, 2025...............................................................A00000-A00000
**EXHIBIT G – DEPOSITION OF MARK ANDERSON**

TAKEN ON AUGUST 28, 2025……………………………………...A00000-A00000

**EXHIBIT H – DEPOSITION OF ALBERTO AUGSTEN**
TAKEN ON AUGUST 26, 2026……………………………………...A00000-A00000
**EXHIBIT I – DEPOSITION OF VINEET ARORA**
TAKEN ON AUGUST 13, 2025……………………………………...A00000-A00000
**EXHIBIT J – DEPOSITION OF ROBERT WOODRUFF**
TAKEN ON AUGUST 18, 2025……………………………………....A00000-A00000
**EXHIBIT K – DEPOSITION OF VICTORIA BARBOSA**

TAKEN ON AUGUST 25, 2025……………………………………………A00000-A00000
**EXHIBIT L – DEPOSITION OF JEANNE FARNAN**
TAKEN ON AUGUST 20, 2025……………………………………………A00000-A00000